# ESSEX COUNTY.

## MARCH TERM, 1837.

PRESENT, HON. CHARLES K. WILLIAS, *Chief Justice.*
" JACOB COLLAMER. } *Assistant Justices.*
" ISAAC F. REDFIELD. }

### SAMUEL A. PEARSON *v.* JOHN M. FRENCH.

Essex,
March,
1837.

No intendment will be made in favor of a plea in abatement. In such plea an argumentative allegation is bad on demurrer. A plea in abatement, for defective service, must show that the service attempted was defective, and that the writ was not served in any other way.

If an attachment of personal property be begun on Saturday night, before the going down of the sun, it may be completed at the first convenient time after.

In deciding the sufficiency of a plea in abatement, the court will not look into the writ and officer's return, unless they are referred to in the plea.

This was a suit brought before a justice of the peace, and came into this court by appeal. The defendant pleaded the following plea in abatement at the May Term of the county court, 1835, which was entitled *June* Term, 1835.

"And now the said defendant comes here into court, and prays judgment that said suit abate, and the plaintiff prosecute the same no farther, because he says that, although the plaintiff's writ was served by copy, as is named in the return on said writ,

Essex,
March,
1837.

Poarson
v.
French.

yet said copy was left with the defendant, and served on him after sun-down, on Saturday night, on the 13th day of Dec., A. D. 1834, by the officer authorised to serve the same, and at no other time, which is contrary to the statute, in such case made and provided, and this the defendant is ready to verify; wherefore the defendant prays judgment of said writ, that the same writ abate, and for his costs."

To this plea there was a special demurrer and joinder.

*Young & Wells, for plaintiff.*

*Steele & Weed, for defendant.*

The opinion of the court was delivered by

REDFIELD, J. No intendment is to be made in favor of a plea in abatement, but every reasonable intendment should be made in favor of the regularity and sufficiency of the proceedings. And here, as the defendant has not made the writ and officer's return a part of his plea, by craving oyer, and setting them forth, or indeed, by *referring* to them, we cannot look beyond the plea to cure any of its defects. The plea is demurred to, and we must decide its sufficiency. And we think it defective in many points, of no great importance practically, but technically fatal to the plea. *Slayton* v. *Chester*, 4 Mass. Rep. 478.

I. The plea is intitled of an impossible term of the court, and would thus seem to have been pleaded in vacation, after the first continuance, and on that account, not in time. But if this is cured by reference to the filing,

II. There is no direct allegation that the service was made by copy, but the allegation is *argumentative, i. e.* " although said writ was served by copy," &c., which was bad.

III. It is not alleged that the writ was not served in some other mode. And the court will not intend that the writ was not served by reading, as it might be, after this service was found defective. And it is not alleged that some *other* copy was not left, but only that this copy was not left at any *other* time; and some other copy might have been left previously, and still the plea have been true.

IV. The plea does not allege that the day, on which this copy was left, was the last day, on which, by law, the service could be made. If the service might have been made on the Monday following, and the sun was so nearly down on Saturday, that the attachment could not be completed until after sun-down, the

property might be taken by the officer, and a copy left on Monday, and if six days intervened before the return day of the writ, it would be in time. That might have been done in the present case, and still the plea be true. Or if the copy, left on Saturday night, had remained till Monday, it would hardly be necessary for the officer to take the copy and redeliver it, or to deliver another copy. And it is at least questionable, whether, if the attachment was begun in time, it might not legally be completed afterwards; but this is not considered or decided. The plea being manifestly defective in other particulars, the

Judgment of the county court is affirmed.