#### FOR THE

## COUNTY OF WINDSOR.

### FEBRUARY TERM, 1847.

---

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. ISAAC F. REDFIELD,
Hon. DANIEL KELLOGG, } Assistant Judges.
Hon. CHARLES DAVIS.

---

## EPHRAIM INGRAHAM, JR., *v.* AARON P. LELAND AND CHARLES EDMUNDS.

The deciding whether, or not, a proper officer can seasonably be had to serve process, and giving authority to some person, not a public officer, to serve it, if the fact be found negatively, is a judicial act.

If an attorney make a writ and indorse his name upon it as attorney for the plaintiff, and also sign the writ as justice of the peace, and, for want of a proper officer seasonably to be had, direct the writ to an indifferent person, by whom it is served, the process will abate.

There is no distinction, in this state, between being "of counsel" and "attorney" in a case; and therefore the plea in abatement is sufficient, in such case, if it allege, that the magistrate, who signed the writ, "was then and there an attorney of record in said suit."

Ingraham *v.* Leland et al.

And where it is alleged, in such plea. that the writ was served by the person thus specially authorized, and the writ and return are referred to in the plea, it is sufficient, although it is not alleged, that the writ was not served by any other person.

And if the attorney, who makes the writ, signs it as justice of the peace and takes a recognizance for costs, this will be a judicial act, which will render the process abateable. DAVIS, J.

ASSUMPSIT upon a promissory note. The original writ was signed by I. B. Person, as justice of the peace, and a recognizance for costs was taken by him in common form, and the writ, for want of a proper officer, seasonably to be had, was directed to Silas Bruce, Jr., an indifferent person, to serve and return; and the return showed that it was served by Bruce by attaching real and personal property of the defendants. The writ was indorsed "Stoughton & Person, Att'ys." The suit was entered in court, and the defendant Leland appeared and pleaded in abatement, "that the service of "said writ upon this defendant was made by Silas Bruce, Jr., an "indifferent person, and not by a regular officer authorized by law "to serve and return other processes, and that the authorization of "said Bruce was signed by I. B. Person, a justice of the peace, as "appears by said writ on file in this court, who was then and there "an attorney of record in said suit with Henry E. Stoughton, under "the name and firm of Stoughton & Person." To this plea the plaintiff demurred.

The county court, November Term, 1844,—HEBARD, J., presiding,—adjudged the plea sufficient; to which decision the plaintiff excepted.

*Stoughton & Person* for plaintiff.

The same powers are given to a justice, in his county, to sign writs, as are given to a clerk of the county court; Rev. St. c. 28, § 3; and by Rev. St. c. 28, § 7, the same authority is given to a justice, to authorize indifferent persons to serve writs, as is given to a clerk or judge of the county court;—and as to these there are no exceptions, either as to relationship, or interest; 9 Vt. 166. We insist, that sect. 7 of chap. 28 is as clearly without exceptions as sect. 3 of the same chapter, from which a justice derives his authority to issue writs returnable to the county court. The statute, in-

39

sisted upon as an exception in this case,—Rev. St. c. 26, § 10,—relates entirely to cases where the justice is to take cognizance. The justice, in signing county court writs and deputing persons to serve them, is an instrument in the hands of the court, for the purpose of bringing cases before them for their adjudication.

We insist, that the plea is defective,—1, Because it is not alleged that the writ was not served in any other manner, than that set forth in the plea; 9 Vt. 349;—2, Because it does not allege, that the justice had been of counsel; the allegation, that the justice " was then and there an attorney of record," is insufficient.

*A. A. Nicholson* for defendant.

1. The statute provides, that "No justice shall take cognizance of any cause," &c., " or *do any judicial act*," where " he shall have been *of counsel*" in the case. Rev. St. 170, § 10. The deputation of a person, not an officer, to serve and return a writ is a *judicial act,* within the meaning of the statute. *Kellogg ex parte,* 6 Vt. 509. Rev. St. 171, § 22.

2. The plea is sufficient, in averring that the justice was "attorney of record" in the case. The words "*counsel*" and "*attorney*" are technically synonymous in this state. Rev. St. 161, § 12. 14 Vt. 565.

The opinion of the court was delivered by

DAVIS, J.  This action was originally commenced to the county court at the November Term, 1844. The writ was signed by I. B. Person, Justice of the Peace, and was directed in the usual form to Silas Bruce, Jr., an indifferent person, to serve and return, for the want of a proper officer seasonably to be had, and was served by him on the defendants, by attaching certain personal and real estate. The names of Stoughton & Person, attorneys, were endorsed on the back of the writ, as attorneys for the plaintiffs. The defendant, at the first term of the court at which the action was entered, filed a plea in abatement, averring the facts above stated as to the direction and service of the writ. To this plea the plaintiffs demurred; and the only question in the case is, whether an attorney in the suit, being a justice of the peace, had authority to direct it to an indifferent person; for if he had not, it was not legally served, and the process would abate for that cause.

The words of the statute, on which the defendant relies, so far as material to this question, are, " No justice shall take cognizance of any cause, *or do any judicial act,* where he shall have been of counsel in such cause, or matter." Is the official act of deciding whether, or not, a proper officer can be seasonably had to serve the process, and giving authority to some person, not a public officer, to serve it, if the fact be found negatively, a judicial act, within the true intent and meaning of the statute? We have no doubt it is so. Indeed, this point, has been several times expressly decided by this court. *Kellogg ex parte,* 6 Vt. 509.

Does, then, the justice, whose name, in connection with that of his partner, Stoughton, appears endorsed on the writ as attorney, stand in the predicament of having been of counsel in the cause, within the meaning of the statute? Of this there seems as little room to doubt.

There is no distinction here between being counsel and attorney in a cause. Our statute attaches the same meaning to the phrase " being of counsel," which popular usage attaches to it, that of being concerned in a cause, or having charge of it as attorney. It was sufficient, therefore, to allege in the plea, that the magistrate was an attorney of record; it is equivalent to saying he was of counsel.

It is farther insisted, in support of the demurrer, that the plea is defective, in not negativing the fact of the writ having been served by some other person. And the case of *Pearson* v. *French,* 9 Vt. 349, is referred to, in support of this objection. It will be found, however, that the cases are clearly distinguishable. Here, the writ and return are referred to in the plea; in that case they were not. One, among many other objections to that plea, was, that it insisted on certain defects in the copy of the writ left with the defendant, but contained no averment, that the defective copy was the only one left, and none that it was not served in any other manner. Those were matters that might, perhaps, be well presumed to exist, and therefore ought to have been negatived. Here the objection is to the legal competency of the person, to whom the writ was directed, to serve it. It was not necessary to negative the service by any other person.

The plea in this case relies wholly upon the adjudication of the magistrate, as to the fact of a regular officer being seasonably to be

Cummings et al. *v.* Gassett.

had, and the consequent official direction to Bruce, as an indifferent person. Had it brought into view the fact of signing the writ and taking a recognizance for costs, there is, I apprehend, no reason to doubt, that these acts are equally within the prohibition of the statute in question, and would have been followed by the same consequences.

The judgment of the county court is affirmed.