#### FOR THE

### COUNTY OF BENNINGTON

#### FEBRUARY TERM, 1848.

---

PRESENT,

Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT,
Hon. DANIEL KELLOGG, }  ASSISTANT JUDGES.
Hon. HILAND HALL,

---

## JOHN LANDON v. MARTIN ROBERTS.

Regularly a plea in abatement, which alleges matter of abatement *dehors* the writ, is bad, if it both commence and conclude with a prayer of judgment of the writ; it should only conclude with such prayer.

All defects in pleas in abatement may be reached by general demurrer.

A plea in abatement, which alleges, " that James Hickox, the justice of the peace who signed said writ and took security by way of recognizance for the costs of prosecution in said suit, was, at the time of signing said writ and taking said security by way of recognizance for the costs of prosecution, as justice of the peace, as aforesaid, and still is, related to the said defendant within the fourth degree of affinity," is defective, in not containing an allegation, except by way of recital, that the writ was signed by James Hickox.

Such plea is also defective, in not showing that the writ was not otherwise signed, at the time of *service*, than by James Hickox.

Such plea is also defective, in not alleging the particular relationship, which constituted the affinity.

Landon *v.* Roberts.

Book Account. The writ was made returnable to the county court, December Term, 1846; and the defendant appeared at that term and pleaded in abatement, in these words;—

"And the said defendant, by Minor & Burton, his attorneys, 'comes and defends the wrong and injury when &c. and prays judg- 'ment of the said writ and declaration, because he says, that James 'Hickox, the justice of the peace who signed said writ and took se- 'curity by way of recognizance for the costs of prosecution in said 'suit, was, at the time of signing said writ and taking said security 'by way of recognizance for the costs of prosecution as justice of 'the peace, as aforesaid, and still is, related to the said defendant 'within the fourth degree of affinity; and this the said defendant is 'ready to verify. Wherefore he prays judgment of the said writ and 'declaration, and that the same may be quashed, &c." To this plea the plaintiff filed a general demurrer.

The county court, December Term, 1846,—Hall, J., presiding, —adjudged the plea insufficient. Exceptions by defendant.

*Sargeant & Fowler* for plaintiff, cited *Pearson* v. *French*, 9 Vt. 349.

*Miner & Burton* for defendant, relied upon *Ingraham* v. *Leland et al.*, 19 Vt. 304.

The opinion of the court was delivered by

Redfield, J. This is a plea in abatement, based upon the merest technical defect. It is, at most, a nice criticism upon the plaintiff's writ. And if one criticism is encountered by another, it is but justice, perhaps. Such has been the course of decision in regard to this class of pleas; they have not usually been looked upon with much favor. Courts have felt justified in escaping from the consequences sought by such pleas, that is, delay, always, and often the entire defeating of a just claim, by any fair and reasonable rule of criticism. We think, indeed, that such pleas have, as a general thing, been subjected to a less rigorous rule of requisition of perfectness in the American, than in the English, courts. For under the new rules of pleading, in England, where the *forms* of special pleading are almost abolished, and a plea in bar is not required to have:

any formal *commencement,* or *conclusion,* it is still required, that a plea in abatement should have both, *in perfection,* according to the former rules. *Harris* v. *Reynolds,* 53 E. C. L. 69. If this plea is subject to these rules, and there is no good reason to complain of that, perhaps, then it has many informalities, and some fatal defects, we think.

It is not, perhaps, easy to say, whether every possible *informality* in a plea in abatement is fatal to the plea, on demurrer. If that were so, this plea is bad for having a prayer of *judgment* of *the writ* in the beginning of the plea, when it is of a matter *dehors the writ,*—when the authorities all concur in saying, that the plea, in such case, *should* only *conclude* with such a prayer. 1 Chit. Pl. 451. *Foxwist et al.* v. *Tremain,* 2 Saund. R. n. 1, p. 209.

But it seems admitted, on all hands, that " the greatest precision and certainty possible is required in these cases." 2 Saund. Ib. Mr. Chitty also says, " great accuracy is also necessary, as to the ' form of the plea in the commencement and conclusion, *which* it is ' said make the plea." " And a plea, which concluded with praying ' judgment ' if' (instead of ' of') the plaintiff's bill, was held bad on ' demurrer, though the words, ' and that the same may be quashed' were added." In the case of *Hixon* v. *Binns,* 3 T. R. 186, " *The ' court* said, that, in dilatory pleas, the greatest precision was re- ' quired; and, as the defendant had not, in his plea of abatement, ' complied with the necessary *forms,* the plaintiff might take advan- ' tage of it, on a special demurrer." This is the same case referred to by Mr. Chitty, where ' if' was inserted in the place of ' of,' in the prayer of judgment.

If we apply this rule of judgment to this plea, it is bad for its commencement; and there is, perhaps, little more absurdity in hold-ing a plea bad for containing *two* prayers of judgment, than for any other duplicity. It is perhaps rather difficult *to* perceive, upon what rational ground a plea in abatement, containing *two* sufficient grounds for abating the writ, should be adjudged good for neither; but this is the established rule, even upon general demurrer, in pleas in abatement. (To correct any misapprehension on the subject, it may be well to say, that all defects in pleas in abatement may now be reached by general demurrer, notwithstanding the intimation in Hixon v. Binns.) But if we reject this *first prayer of judgment* as

surplusage, and, in the absence of any decided case to the contrary, I would myself be inclined to do that, thus making it matter of *taste,* merely, whether such a plea shall *begin* and conclude with such a prayer, this plea is still defective, we think, in essential requisites.

1. There is no allegation, *except by way of recital,* that this writ was signed by James Hickox. Allegations by way of recital are insufficient, often, even, where certainty to a common intent is required, and always, where the strictest certainty is required, as in pleas in abatement. This is so laid down in the elementary books, and has been as often adjudged, as the question has arisen. No intendment is to be made in favor of a plea in abatement, and nothing deduced therefrom argumentatively. *Pearson* v. *French,* 9 Vt. 349.

2. It should have appeared, that this writ was not otherwise signed, *at the time of service,* than by James Hickox. But instead of this, it cannot even be *inferred,* except by *conjecture,* that the writ was signed at all by Hickox, *at the time of service.* If it had been first signed by Hickox, and then, before service, upon ascertaining his disqualification, had been signed by the clerk, or some other competent authority, the plea would have been equally true, and, if traversed, could have been proved. It is quite as probable in practice, and the same thing in principle, to have a writ *signed again,* when found defective in that particular, as to have it *served again.* And it has been expressly held by this court, to be necessary to *negative* the inference, that a writ might have been legally served *in some other mode,* in pleading to a defect in service. The cases are precisely alike in principle, and are fully sustained by the decisions above referred to. *Pearson* v. *French,* 9 Vt. 349.

3. We think the plea is defective, in not alleging the particular relationship, which constituted the affinity. Grave questions of law have often arisen, in *reckoning* the degrees of affinity. It has been made a serious question before this court, whether, in a case like the present, the degrees shall be computed according to the civil, or the common, law. And that question was not considered as settled until within a very few years. If the particular facts involve any question of law, in pleading they must be stated, that the court may determine the law upon the face of the pleadings. It will not seriously be contended, that computing the degrees of affinity, or con-

Landon *v.* Roberts.

sanguinty, is mere fact. If one should so charge a jury, and refuse to give them specific instructions how to reckon them, no one will pretend it is not error. Many other questions of law might arise upon these facts, not necessary to be named here.

In an indictment for bigamy, it will hardly be contended, that it is sufficient to allege, that the respondent had been, at some time, married to some other woman, without naming her. She must be named; and it must be expressly alleged, that she is still living. And the presumptions in favor of innocence are not superior to those in favor of the regularity of writs and other proceedings in court. In indictments for incest, the particular relationship of the parties, it is believed, is always required to be set forth.

In the precedents of pleas in abatement, and in practice, the particular facts have always been detailed. It would hardly be sufficient to plead, that the plaintiff was an alien enemy, or that he was privileged from being sued in a particular court, without stating the facts, which made him an enemy, or constituted his privilege. So, too, in pleading the pendency of another suit, for the same cause of action, the particular suit must be described; and it must be expressly alleged, in the present tense, that the other suit is pending *at the time of plea pleaded.* So, too, in pleading infancy, the plea should allege the fact, that the defendant is within the age of twenty one, or eighteen, years. One might as well, and by the same rule, plead that the magistrate was incompetent to judge between the parties in civil causes. There may be cases, where, from the multiplicity of facts, and the difficulty and expense of detailing them upon the record, this general mode of pleading is allowed. It is so, I apprehend, in pleading that the justice is interested in the cause. But there seems to us no good reason for allowing the same relaxation to extend to the present case, more than to every other analogous case in pleading.

Judgment affirmed.