Gray *v.* Flowers.

PAUL GRAY *v.* JOHN FLOWERMAN.

*Plea in abatement. Demurrer.*

A plea in abatement, where defendant pleads, "that the said writ abate, because "he says that said writ was served upon this defendant, more than sixty days " before the time therein appointed for trial, to wit.: said writ was served July " 5th, 1851, and the time set for trial therein, is September 4th, 1851, and has not " been served at any other time since said 5th day of July, and this the said de "fendant is ready to verify, by the record, Wherefore, he prays, that the same "may be quashed," was held sufficient on special demurrer.

And it was also held, that as this plea verifies the facts, by the record, it may be treated as a motion to dismiss, and as such is sufficient.

In a plea in abatement, praying that the writ may be quashed, is equivalent to a prayer of judgment of the writ, and one prayer of judgment, in one plea, is sufficient.

THIS was an action on the case, for selling and warranting to plaintiff, a certain horse as sound, but which was unsound, originally commenced before a justice of the peace, and came to the county court by appeal.

The defendant filed the following plea in abatement:—" And " the said John Flowers, comes, &c., and pleads, that the said writ " abate, because he says, that said writ was served upon this de- "fendant, more than sixty days before the time therein appointed " for trial, to wit.: said writ was served July 5th, 1851, and the " time set for trial therein, is September 4th, 1851, and has not " been served at any other time since said fifth day of July, and this "the said defendant is ready to verify, by the record, Wherefore he "prays, that the same be quashed, and for his costs."

To this plea the plaintiff demurred, setting forth as cause of demurrer, " that the said defendant hath not in his said plea, prayed "judgment of said writ, and that the plea aforesaid is otherwise " uncertain, insufficient, and wants form."

The county court, December term, 1851,—POLAND, J., presiding, adjudged that the plea was sufficient, and that the writ abate. Exceptions by plaintiff.

*Bartlett, Bingham* and *Roberts* for plaintiff.

It is not sufficient, that the subject matter of the plea is a just ground of abatement, but it must be formally set forth, with a proper commencement and conclusion. 2 Saunders 209, note 1.

In *Hixon* v. *Binns*, 3 T. R. 186, the plea concluded with praying judgment, " if," (instead of " of,") the plaintiff's bill, which was held bad on special demurrer. And the authority of that case was recognized in *Landon* v. *Roberts*, 20 Vt. 286.

Where the defendant pleads in abatement to the writ, matters apparent on the face of it, he should begin, as well as end his plea, by praying of the writ, and that the same may be quashed. But when the plea is for matter dehors, as misnomer, &c., the plea should only conclude with that prayer. 12 Modern 525. 10 East 87. 20 Vt. 286.

*H. S. Bartlett* for defendant.

In the case at bar, the demurrer being special, " can reach no "other faults in form, than those specially assigned for cause of

Gray *v.* Flowers.

"demurrer; for as to others, it is in effect, a general demurrer, &c."
Gould's Pl. 468, § 19. 1 Saunders' Pl. & Ev. 499.

The defendant "prays that the writ may be quashed, and for
"his costs," the legal meaning and effect of which is the same, as
prayer of judgment of the said writ, and this being the case, "it is
"the duty of the court to render such a judgment as the legal
"effect of the pleading requires." Gould's Pl. 298, § 156.

By THE COURT. The only defect in this plea, which is urged
upon our consideration, is, that the plea does not begin and con-
clude by praying judgment of the writ, and that the same abate.
It is said in *Landon* v. *Roberts*, 20 Vt. 289, that such an omission
would scarcely be regarded as fatal. And the case of *Hixon* v.
*Binns*, 3 T. R. 186, is there doubted, one point which is there in-
timated, that a defect in a plea in abatement might be regarded as
fatal on special demurrer, and not on general demurrer, has never
been considered sound. The other defect in the plea there, was,
that in the conclusion it prayed judgment "if" the writ, instead of
"of" the writ, which in strictness made the plea nonsensical, or
rather amounted to a prayer that the writ should not abate.

Asking if a thing shall be done, often implies a desire to the
contrary. It is said, that praying that the writ may be quashed,
is not equivalent to a prayer of judgment of the writ, that it abate.
But this we do not comprehend. The two things seem to us the
same, and we think one prayer of judgment in one plea, is as good
as more.

And as this plea verifies the facts, by the record, it may be
treated as a motion to dismiss, and as such is sufficient. Judgment
affirmed.