TWEED *versus* LIBBEY.

The degree of certainty required in a plea in abatement is such, as to exclude all such supposable matters, as would, if alleged on the opposite side, defeat the plea.

Thus, when the plea is to the mode of service of the writ, that the defendant's property was attached, but by the return thereof, no summons in the form of

law was delivered to him, or left at the place of his last and usual abode, it is defective, although in the writ, he is declared against as an inhabitant of this State.

ON REPORT from *Nisi Prius*, WELLS, J., presiding.

ASSUMPSIT, on a note of hand.

The writ was dated August 30, 1850, and described the defendant of "Byron, in the county of Oxford."

The officer's return thereon was in these words:

"Oxford ss., Sept. 21, 1850.

"At 8 o'clock in the forenoon, by virtue of this writ, I have attached all the right, title and interest the within named Daniel P. Libbey has, in and to any and all real estate in the county of Oxford, and have made return thereof to the registry of deeds, agreeable to statuté."

At the Nov. Term, 1852, the defendant filed a plea in abatement, wherein he prayed judgment, and that the writ abate, "because, he says, his estate has been attached by virtue of said writ, and yet by the return thereof, it does not appear that any summons in form of law has been delivered to him, or left at his dwellinghouse or place of his last and usual abode as the law directs, whereupon he prays judgment of the same writ, and that it be quashed, and for his costs."

To that plea there was a demurrer, and joinder in demurrer.

Upon the writ, officer's return and pleadings, it was agreed that the case should be heard by the full Court, and such disposition made of it as shall be in accordance with the law.

*C. W. Walton*, for defendant.

The appearance of the defendant in this case is special, and there has been no waiver of defects in the service of the writ, or want of legal notice to the defendant. In this case the defendant has put in a plea in abatement, to which there is a demurrer, and if it is contended by plaintiff that the plea in abatement is insufficient, in not averring that the defendant was an inhabitant of the State; our answer is, "that the defendant is described by plaintiff as an inhabitant

of the State in his writ, and that the case is not presented to the Court in the usual manner, upon plea in abatement, but upon a report or agreed statement, by which the Court is authorized to look into, and examine all the facts of the case as presented by the report.

*Virgin,* for plaintiff.

The only question that can rightfully arise in this case is, whether the plea in abatement is *good* or *bad.*

It is defective in not alleging *that defendant was not an inhabitant of the State* when the attachment was made. If he was not, service of the writ may be made, and the service and return complete and sufficient, without a summons being left or delivered in either mode stated in the plea, or in the section of the statute on which the plea appears to have been framed. Every allegation in the plea may be true, and yet the service and return be good; which cannot be the case with a *good* plea in abatement, since it must contain such technical accuracy, as shall exclude all supposable matters, which, if alleged on the part of the plaintiff, would defeat it. *Adams* v. *Hodsdon & al.* 33 Maine, 225.

TENNEY, J. — The defendant pleaded in abatement, that his estate had been attached, by virtue of the writ; and by the return on the same it does not appear that any summons in form of law has been delivered to him, or left at his dwellinghouse, or place of his last and usual abode, as the law directs. To this plea there is a general demurrer and joinder.

The degree of certainty required in a plea in abatement, is such as to exclude all such supposable matter, as would, if alleged on the opposite side, defeat the plea. Gould's Pl. c. 3, § 57.

The plea in this case is clearly bad. Every allegation therein may be true, and the service of the writ sufficient. By R. S. c. 114, § § 27 and 28, other modes of service are provided. When the defendant in the writ has never been an inhabitant of the State, or has removed therefrom, both

when he has and when he has not a tenant, agent or attorney within the same.

It is insisted, that this objection to the plea cannot avail, because the defendant is described in the writ as being of Byron, in the county of Oxford. The provisions referred to, are applicable to the time, when an attempt may be made to complete the service of the writ, and not when the writ is made out. The date of the writ in this case, is on Aug. 30, 1850, and the attachment of real estate is subsequent to that time. *Plea adjudged bad.*

*Respondeas ouster.*

SHEPLEY, C. J., and WELLS and HOWARD, J. J., concurred.