S. WIRES AND W. W. PECK *v.* NAOMI GRISWOLD & TRUS-
TEES.

*Trustee Process. Service of the writ upon trustee and principal
defendant. Abatement.*

Where the writ in a trustee process, was served on the principal defendant, a resi-
dent of Addison County, by a deputy sheriff of Washington County, who had
served said writ on the trustee, a resident of Washington County, this ser-
vice on the principal defendant, was held defective, under our present statute,
(Comp. Stat. 257 § 10,) which provides, " that if the goods or estate of the prin-
" cipal defendant, in his own hands and possession, are attached, the writ shall
" be served on the principal defendant *in the same manner as an ordinary writ of*
" *attachment,* otherwise it shall be *served on him as a writ of summons.*"

The case of *Corey* v. *Gale,* 13 Vt. 639, can have no application to our present
statute, as that case was decided under the act of 1835, which provided that
the *same officer* who served the writ on the trustees, should also leave a copy
with the principal debtors.

The objections taken to the plea in abatement, that it set forth matter *dehors* the
writ, and that it should not have commenced with a prayer of judgment, over-
ruled on the authority of the case of *Gray* v. *Flowers,* 24 Vt. 533.

TRUSTEE PROCESS. This was an action of *assumpsit,* the writ was returnable to the March term, 1852, of Chittenden County court, and set up the plaintiffs residing in Burlington in said coun-
ty, and the principal defendant as residing in Ferrisburgh, in the county of Addison. The officer's return on the said writ was as follows :

" *Washington County ss.*

MONTPELIER, February 2d, 1852.

" I then served this writ on the within named Vermont Mutual

" Insurance Company, as Trustee, by leaving with Charles Dew-
" ey, clerk of said company, a true and attested copy of the origi-
"nal writ and of my return hereon thereon endorsed.   And on
" the 8th day of March, A. D. 1852, I gave the within named Na-
" omi Griswold, in Ferrisburgh, in the county of Addison, a true
" and attested copy of the original writ, and of my return hereon
" thereon endorsed.

    (Signed,)   " Attest.   HOLDEN PUTNAM 2D, *D. Sheriff.*"

The defendant filed her plea in abatement, for want of legal
service of the writ on the principal defendant.   The plaintiffs re-
plied, and insisted that there was due and legal service of said writ
upon her, the defendant.   To the replication of the plaintiffs, the
defendant demurred.

The County Court, March Term, 1852,—PIERPOINT, J., pre-
siding,—adjudged the replication insufficient, and that the writ
abate.

    Exceptions by plaintiffs.

*W. W. Peck* for plaintiffs.

1. The Comp. Stat. 257 § 9, 10, intends that the service on
the trustee shall embrace a notice of the service to the principal
debtor.   This completed, the service on the trustee becomes a full
service on the principal debtor.   It could be completed only by the
officer, who serves on the trustee, serving on the defendant a copy
of the process, and of his doings under it.   Thus he would have
full notice of the pendency of the suit, and of the attachment, and
further service would be superfluous.

2. The sections of the present statute, are a mere compilation,
in this particular, of the previous acts upon the subject, and they
provide expressly for such a service.   See statutes from 1779 to
1835.   *Corey* v. *Gale*, 13 Vt. 639.   *Park et al.* v. *Trustees of Wil-
liams*, 14 Vt. 211.   *Sawyer* v. *Howard & Tr.*, 22 Vt. 540.

3. The plea is bad.   It sets up matter which is *dehors* the writ,
for it cannot be told from anything in the record, out of the plea,
that the officer was not authorized to serve process in Addison
county.   The plea should not therefore have commenced with a
a prayer of judgment.   *Landon* v. *Roberts*, 20 Vt. 280.   1 Chit.
Pl. 451.   Goulds Pl. Chap. 5 § 142.

*Phelps & Chittenden* for defendant.

1. The statute requires service to be made on the trustee in the same manner as a writ of summons, and where no property is attached, on the principal debtor in the *same manner.* The officer in this case had no authority to serve a writ of summons upon the principal debtor, and his service is therefore void.   Comp. Stat. 257 § 10.

2. The service upon the trustee was complete when the copy was left with the clerk, and is not analogous to the case of attachment of personal chattels, which is incomplete until the copy of the process is left with the defendant by the officer making the attachment.

3. By the act of 1835, it was made the duty of the officer serving the process on the trustee, to leave a copy at the last place of abode of the debtor.   The case of *Corey* v. *Gale,* 13 Vt., arising under this act, is not an authority in point.

The opinion of the court was delivered by

ISHAM, J.   The writ in this case was served on the principal defendant, a resident of Ferrisburgh, in the county of Addison, by a deputy sheriff of the county of Washington.   The statute directs, " that if the goods or estate of the principal defendant in " his own hands and possession are attached, the writ shall be " served on the principal defendant *in the same manner as an ordi-* " *nary writ of attachment,* otherwise it shall be served *as a writ of* " *summons.*"

If this process had been an ordinary writ of attachment or summons, this officer could not have made the service, as his precinct did not extend out of the county of Washington.   A deputy sheriff of Washington county cannot serve a process in the county of Addison.   As the officer in this case had no authority to serve an ordinary writ of attachment or summons in the county of Addison, so he had no authority to serve this writ; for it is a matter of express provision that one process shall be served in the same manner, as the other.

A different mode of service was directed under the act of 1835. The form of the process under that act, was different from that now required.   In the service of that process, the statute directed that the *same officer,* who served the writ on the trustees, should also leave a copy with the principal debtor.   The writ under that

statute was not required to be served as ordinary writs of attachment or summons; it was sufficient that the principal debtor had notice of the pendency of the suit against the trustees. It was under this act, that the case of *Corey* v. *Gale*, 13 Vt. 639, was decided. That case, therefore, can have no application to our present statute, where the writ in form issues against the principal debtor as an attachment or summons, and is to be served in the same manner, and where he is made the principal party on the record. The service of this writ is, in this particular, essentially defective.

The objection taken to the plea is overruled, on the authority of the case of *Gray* v. *Flowers*, 24 Vt. 533.

Judgment affirmed.