HENRY S. MORSE v. WM. B. NASH *and Trustees.*

*Trustee process. Plea in abatement.*

The only mode in which valid service of a trustee process can be made upon a principal defendant, domiciled elsewhere, who is out of the state at the time of the commencement of the suit and the service of the writ, is that provided by the 11th section of chap. xxxii of the Compiled Statutes, p. 257, and, in such a case, it makes no difference as to the mode of service, whether he has ever resided in this state or not.

In a plea of abatement to the service of a writ, in which material facts are averred, without any statement of the time or place when and where they occurred, this omission is not supplied by referring to the writ and return in the plea, and making them a part thereof, though they contain a statement of such time and place; and, by reason of such omission the plea is defective.

Averments of material facts, in pleas of abatement, must be direct and positive, and words cannot be supplied, nor reference made to a former sentence to give this character to an averment which is in itself defective in this respect.

A plea of abatement to the service of a writ, must, directly and fully, negate any other service, either by the same or any other officer.

TRUSTEE PROCESS. The writ in this case was dated March 24th, 1856, and described the principal defendant as a resident of Shelburn, in this state. The officer's return, after stating a service upon each of the trustees in the usual manner, added, "and on the 18th day of October, 1856, I left at the last and usual place of abode of the principal debtor, Wm. B. Nash, in this state, in the hands and care of H. Wentworth, then resident therein, and of sufficient discretion to receive the same, a true and attested copy of this writ, with this my return indorsed thereon ; said copy so last left for the said Wm. B. Nash, and said Wm. B. Nash having no known agent in this state."

The defendant plead in abatement as follows :

" And the said defendant, by his attorney, comes and defends the wrong and injury, when, etc., and prays judgment of the said writ; because, he says, that the said writ is a trustee process issued against the said defendant and his trustees, Stephen Mann, Asahel Nash and Edgar Nash, and was served upon the said trustees by H. A. Lyon, as constable of Shelburn, in said county, by

delivering to each of said trustees a true and attested copy of said writ, with the said Lyon's return as such constable indorsed on each of said copies; and was served upon the said defendant by the said Lyon, as such constable as aforesaid, by delivering to one H. Wentworth a true and attested copy of said writ with his, the said Lyon's, return, as such constable, indorsed thereon; and was not issued or served in any other way or manner whatever. All which appears by the said writ, and the said Lyon's return as such constable thereon indorsed, which writ and return are hereby referred to, and made a part of this plea. And the said defendant avers, that at the time of the commencement of the said trustee process, and at the time of the service thereof, or at either of said times, he, the said defendant, did not reside in the state of Vermont, and that he has not since resided, and does not now reside therein. But at the time of the commencement of said process, and at the time of the service thereof, he did reside and have his domicil, and ever since has resided and been domiciled out of the state of Vermont, to wit, in the state of Michigan; and that the said Wentworth was not at the time of the delivery to him of the said copy by the said Lyon as aforesaid, or at any other time, the agent or attorney of the said defendant, nor in any manner authorized by the said defendant, or by law, to receive the said copy for the said defendant. And this the said defendant is ready to verify. Wherefore he, the said defendant, prays judgment of the said writ, and that the same may be quashed, etc."

To this plea in abatement, the plaintiff demurred.

The county court, at the November Term, 1857,—BENNETT, J., presiding,—rendered judgment for the defendant on said plea, and dismissed the plaintiff's action.

Exceptions by the plaintiff.

*J. Maeck,* for the plaintiff.

*Hard & French,* for the defendant.

The opinion of the court was delivered by

BARRETT, J. In this case the defendant pleads in abatement a supposed defect in the service of the writ on him. To this plea the

plaintiff demurs. The writ and officer's return thereon, are referred to and made a part of the plea. It is claimed for the defendant that the only mode in which legal service could be made on the defendant, was that prescribed in the 11th section of the chapter on trustee process, in the Compiled Statutes. On the other hand, it is claimed for the plaintiff, that service may not only be made in the mode prescribed in that section, but that it may also be made in the mode prescribed in the 10th section of the same chapter.

We have no doubt, that the only mode in which legal and valid service can be made on a non-resident debtor, who actually is domiciled, and is, in point of fact, out of the state at the commencement of the suit and the service of the writ, so that personal service cannot be made on him, is that prescribed by said 11th section. As to the mode of service in such case, it makes no difference whether the debtor has ever resided in the state or not.

The 11th section was enacted to provide for a class of cases which had arisen under the trustee law of the Revised Statutes, for which that law had failed to provide.

In respect to the service of a writ against such debtors, by attaching property, the law remained unaltered. The copy was to be left as ever. As to debtors absconded, and not yet domiciled out of the state, the service might still be made in the mode prescribed by the Revised Statutes, and may now be so made. It is the mode prescribed by the old law where trustee process could be used only in case of absconding or concealed debtors.

The difficulty, under the trustee law of the Revised Statutes, arose from the fact, that while that law extended the trustee process to cases of debtors resident in other states, it made no provision by which the process could by served on them, unless they should be found within the state, and personal service made.

Without doubt, personal service made within the state upon such foreign resident, would be perfectly valid. But if he should keep out of the state, the only mode by which valid service of trustee process against him can be made is that prescribed by said 11th section.

The 10th section stands valid and unaffected by the enactment of the 11th for all cases in which it is proper to be used. But to all cases outside of its scope, the 11th section alone is applicable.

The propriety of using the mode prescribed by the one or the other must be determined by the fact of residence within the state, or personal service on the one hand, or actual residence without the state and lack of personal service on the other.

In the use of the one or the other mode of service in the various dubious cases lying on either side of the line dividing between residence and non-residence, the creditor must take the hazard of choice that the law imposes, or he may exercise the right, that the law permits, of using both modes. If he uses but one mode, and that the wrong one, it may be his misfortune. If he resorts to both, one or the other will accomplish his purpose. The application of this view of the law to the present case is obvious, and, if the alleged defect in the service were well pleaded, we should feel bound to declare it invalid.

The question of service, arising upon the construction of the statute, has been discussed with eminent ability and instructive learning. As its decision may be of practical use, we have thought it best thus to express the views of the court.

But with the plea, as depending on technical rules, we have insuperable difficulty.

We regard the court as much bound to recognize and apply the rules of law applicable to pleas in abatement, as to any other subject of judicial cognizance. They are a part of the law for the court to administer in cases as they arise.

The defendant, in using this shield, subjects himself to all the legitimate incidents and hazards of this mode of defense. In this case he can claim no favor beyond his technical right, for he is in no danger of suffering injustice. The purpose of the service in this case, is notice to the defendant of the plaintiff's process. The service has answered that purpose, and the defendant has appeared, and is now asserting and enjoying his rights of defense under the law.

We shall not notice all the exceptions taken to the sufficiency of the plea. Some of them are decisive against it.

1. The plea avers several material and traversable facts, and yet states no time or place when or where they occurred. The writ and return, being referred to and made part of the plea, can not supply this omission ; for they are not part of the plea, in the

character of averments of facts, but as facts themselves, and have effect only as facts or as evidence of facts. This view is entirely consistent with what was held in *Ingraham* v. *Lealand et al.*, 19 Vt. 304.

2. We think what was intended as an averment, that Wentworth was not the agent or attorney of the defendant, is defective.

Without doubt, that fact is material and traversable. If so, the averment of it should be direct and positive.

" And that the said Wentworth was not," etc., is a clause of the sentence beginning, " But at the time of the commencement of said process," etc. In order to give it the effect of a direct and positive averment, we must either supply the words, " the defendant avers," between the words " *and that*," or else we must treat the clause as constituting a part of the preceding sentence. Instead of permitting it to remain in its present position, we must, in effect, carry it back and treat it as part of a prior and independent sentence.

The law governing pleas in abatement would hardly allow such a work of amendment.

3. Under the rule that in pleadings their construction is to be most strongly against the pleader, we regard the averment of no other service, defective. The expression, " And was not issued *or* served in any other way or manner whatever," by the strict use and legitimate force of the word " or," instead of " nor," is putting an alternative between the happening of the one or the other of two facts, instead of being a denial of both. But passing this, we think this averment, taken in connection with the context, does not sufficiently negate service of the process by some other officer.

4. As to the defect in praying judgment, both in the commencement and the conclusion of the plea, we are disposed to leave it, under the remarks of Judge REDFIELD, in *Landon* v. *Roberts*, 20 Vt. 286. We do not regard the case of *Harvey* v. *Hall*, 22 Vt. 211, as affecting the question, inasmuch as this point of form was not raised against the plea in that case.

The judgment of the county court is reversed. The plea is adjudged insufficient. The defendant to answer over, and cause remanded to county court.