*D. O. Daily* and *J. R. Slack*, for appellants.

---

BRAGG and Another *v.* BAMBERGER and Others.

WARRANTY—CONDITIONS.—*A* sold a machine to *B*, with warranty that it should be a good reaping and mowing machine, and with the express condition that if it did not fill the warranty, notice should be given to the

agent of *A*, and a trial had in his presence; and that the use of the machine during harvest, continually or at intervals, should be conclusive evidence that the warranty was waived.

*Held*, that it is sufficient, in seeking to recover on such a contract, to aver compliance by the plaintiff with the terms of the warranty, or a waiver of the warranty by the defendants.

AGENCY.—The authority of an agent, appointed for a special purpose, ceases when that purpose is accomplished.

APPEAL from the *Randolph* Common Pleas.

RAY, CH. J.—*Bamberger, Wright & Co.* brought an action against *Bragg & Clark* upon the following agreement:

"Messrs. *Bamberger, Wright & Co., Dayton, Ohio*—You will please forward to me one of your combined reapers and mowers, to be shipped by the 15th day of *June*, 1862, directed to *Bragg & Clark*, at *Union City*, in the county of *Randolph* and state of *Indiana*, in care of ————. At the arrival of the machine at the above-named place, I agree to receive it immediately, pay freight and charges, and test it at commencement of harvest, and if found to work as per your warranty, (printed below,) I agree to pay you, or your authorized agent, $145.

"*January* 1, 1863.                    PETER B. BRAGG,
                                       SMITH CLARK."

The warranty was in these words:

"Whereas *Bragg & Clark* have given us their order for one *Ohio Chief Reaper and Mower Combined*, we hereby agree, in consideration of said order, and of the faithful performance of the agreements contained therein, to warrant said machine to be a good reaping and mowing machine, of light draft, and easily handled; that it is well made, of good material, and with proper usage it shall prove a good, serviceable machine. It is an express condition of this warranty that the directions given for setting up and working said machine shall be carefully followed; and if, upon a fair trial, it fails to work as above, the said *Bragg & Clark* agree to give immediate notice to our agent from whom it was purchased, or to us at *Dayton*,

and again try the machine in his presence or ours, and if it still fails in filling the above warranty, he agrees to return the machine to our agent at the place named in the order, or to us at *Dayton.*

"But the use of a machine during harvest, continually or at intervals, shall be conclusive evidence that the warranty is waived and the machine accepted. No agent is authorized to make any representations or warranty beyond the terms of the above contract.

"*M. Parker,* Agent.       BAMBERGER, WRIGHT & Co."

The plaintiffs aver that they shipped the machine as ordered, and that defendants received and used the same during the then following harvest, continually and at intervals, and gave no notice, and did not return the same to plaintiffs or their agent at either of the places designated, but have failed to pay therefor, etc.

The defendants insist that the complaint is defective in not averring that the machine corresponded with the warranty. This objection is not well taken. It is sufficient, in seeking a recovery under such a contract, to aver compliance by the plaintiffs with the terms of the warranty, or a waiver of the warranty by the defendants. In this case the facts which, by the terms of the contract, are to be received as conclusive evidence of such waiver on the part of the defendants, are expressly charged.

The defendants answered that said machine did not correspond with the warranty; that on a trial, at which the agent of the plaintiffs was present, it failed, and that the contract was thereupon so changed and modified as to release the defendants from performance of so much thereof as required the return of said machine to the plaintiff's agent at *Union City,* or to the plaintiffs at *Dayton,* but the same might be kept upon the farm of one of the defendants.

To sustain this issue evidence was introduced which, had it not been controverted, would have established the

fact, that the agent employed by the plaintiffs for the sale of said machine had, upon the trial of the same, made such statements to defendants. It is not, however, attempted to show any authority in the agent beyond that contained in the written contract. He was appointed for a special purpose, and that purpose had been accomplished, and his power as agent was ended. It was provided, however, in the contract, that a delivery, at *Union City*, to him of the machine, if it did not prove equal to the warranty, should be sufficient to discharge the defendants. But it was expressly therein stated that the agent was not authorized to make any representations or stipulations beyond the terms of the written contract. The defendants therefore had full notice that the contract was to control the action of the parties to it; and if they relied upon the statements of the agent, they did so at their peril. The agent could make no " representations beyond the *terms* of the contract." The contract in terms required the delivery at a specified point, and the agent had no power to impose the obligation upon the plaintiffs to accept it upon the farm of the defendants. The clear intent of the restriction was to prevent any change being made by any agent in the conditions of the written agreement.

The proof offered did not sustain the material averments in the answer, and the finding of the jury in favor of the plaintiffs was clearly sustained by the evidence and the law.

Exceptions were taken to instructions given, and to the refusal of instructions asked, by the defendants. The instructions given would have been more applicable to the issue had they been less favorable to the defendants. So far as they attempted to state the law, they did it correctly; but the court might properly have informed the jury that no evidence had been introduced by the defendants excusing the return of the machine to the plaintiffs or their agent at the place stipulated.

The instructions asked by the defendants being in direct conflict with the law as herein stated, were properly refused by the court.

The judgment is affirmed.

*James Brown, George W. Monks,* and *E. L. Watson,* for appellants.

*Jer. Smith,* for appellees.