## ANSON SMITH *v.* L. C. CHASE.

### *Pleading.*

A plea in abatement having a prayer of judgment in the commencement and conclusion, and averring matter in abatement *dehors* the record is bad.

Where a person serving a writ signed his return as first constable, and the defendant pleaded in abatement, averring that he was not first constable at the time of service, but did not aver that he did not serve it in any other capacity than as first constable, the plea was held defective.

An addition to his name of the office and capacity in which he made the service, would not be conclusive as to the official capacity in which he made it.

ASSUMPSIT in one special count, and in the general counts. The writ was put into the hands of one A. J. Albee to serve, who made service and signed his return as first constable. The defendant's counsel pleaded in abatement as follows :

" And now comes the above named defendant by his attorneys and prays judgment of the writ, in the above entitled cause, and says that the same ought to abate because he says that the said writ was served upon him at Newport, in the county of Orleans, and state of Vermont, on the 5th day of May, 1866, by A. J. Albee, as first constable, by attaching as the property of this defendant one horse, and by leaving a true and attested copy of said attachment, with a list of the property so attached endorsed thereon, at the stable of Michael Lark, in said Newport, that being the place where said property was attached, this defendant having no known agent or attorney within this state, with whom to leave said copy, and that there is no other service of said writ, than the service so made and returned by the said Albee, as appears by the said writ, and said Albee's return thereon, which are referred to and made a part of this plea ; without this, that the said writ was served by any other person, or in any other manner, nor was the service of this writ accepted by this defendant in any manner ; and the said defendant says that at the time of the service of the said writ, by the said Albee as aforesaid, he, the said Albee, was not the legal first constable of the town of Newport, in the county of Orleans, aforesaid, and this the plaintiff is ready to verify ; therefore, for want of legal service of said writ, this defendant prays judgment of the said writ, that it may be quashed, and for his costs."

To this plea the plaintiff demurred, and the case was heard upon the demurrer at the June Term, 1866, STEELE, J., presiding, and

---

Smith *v.* Chase.

---

the court rendered judgment, *pro forma*, that the writ abate, to which the plaintiff excepted.

*B. N. Davis*, for the plaintiff.

· *Cram & Bisbee*, for the defendant.

The opinion of the court was delivered by

BARRETT, J.　To those who once learned the law of the subject it will occur that pleas in abatement must conform to the rule requiring " certainty to a certain intent in every particular." Such has been the law for centuries. Though the language of the rule may not indicate precisely what is necessary in order to comply with its requirements, still the administration of it affords examples and illustrations, both of its scope and force, that afford a pretty intelligible guide to the practitioner. The law also requires a strict observance of the technical and artificial niceties of form, as well as the utmost certainty of averment. It is of no moment now to discuss the law and rules of the subject in reference to the soundness and sufficiency of reasons upon which they rest. It is sufficient to say that such law and rules exist as part of the common law of the system of pleadings and procedure by which justice is administered in this state. It is part of the same general system of law, which permits a plea in abatement to be used for the mere purpose of casting a plaintiff out of court, charged with a bill of costs, without regard to his just rights in the suit, without ending, but only delaying, the litigation of such rights, and often, in the matter of security by attachment, putting in jeopardy, or defeating important interests created and accorded by the statute, without any agency or default of the plaintiff; and sometimes only through the most innocent inadvertance, or mistake, or ignorance of the officer charged with the service of the process.

By recurrence to the decided cases in this state, and particularly to *Morse* v. *Nash and Trs.*, 30 Vt. 76, the view which this court entertains upon the subject generally will be sufficiently seen, and renders useless any repetition in this case.

It is only necessary to add, the plea in this case is defective, by having prayer of judgment in the commencement and conclusion, as it avers matter in abatement *dehors* the record.

It is also defective in not averring that the person serving the writ did not serve it in any other capacity than first constable. Consistently with the averments in the plea, he might have served the writ as second constable, or as sheriff, or deputy sheriff, notwithstanding he subscribed his return erroneously as first constable. The addition to his name of the office and capacity in which he made the service would not be conclusive of the fact. When, therefore, the writ and return are vouched, as showing the capacity in which the person serving the writ acted in serving it, the question is still open whether he did not in fact serve it in some other official capacity which he might have held, authorizing him to make the service and return in the same manner, except the mere addition of office to his name in certifying his return.

The case above referred to of *Morse* v. *Nash and Trs.*, 30 Vt. 76, and *Landon* v. *Roberts*, 20 Vt. 286, and the books and cases referred to in those cases, furnish sufficient precedent and authority for holding the plea in the present case to be defective.

Judgment affirmed.