SHAMPEAU *v.* CONNECTICUT RIVER LUMBER CO.

(*Circuit Court, D. Vermont.* March 13, 1889.)

1. WRITS—SERVICE OF PROCESS—PLEAS IN ABATEMENT.

A plea in abatement in an action commenced in the state court against a foreign corporation showed that the writ was not properly served as a writ of summons, but the writ and return showed that the writ issued and was served as a writ of attachment. *Held* that, as the plea did not deny that the person with whom the copy was left was defendant's known agent or attorney, or that it was left with him at the place of attachment, it was bad, such service being authorized by the state laws, (R. L. Vt. § 881.)

2. SAME—ATTACHMENT—SUFFICIENCY.

Such service is sufficient to hold the property, though not to support a personal judgment, and a motion to dismiss should be denied.

At Law. On demurrer to plea in abatement and motion to dismiss.

Action by William Shampeau against the Connecticut River Lumber Company.

*E. W. Smith*, for plaintiff.

*H. C. Ide*, for defendant.

WHEELER, J. This cause was brought in the state court, where the defendant pleaded in abatement, and moved to dismiss for defective service, and then removed it to this court, being a foreign corporation. The plea alleges that the writ was served by leaving an attested copy thereof and of the return thereon "with one Edward W. Lawler;" and that Lawler was not a clerk or other officer, or a stockholder, of the defendant; and that there was no other service or acceptance or waiver of service. The plaintiff has demurred to the plea, and hearing has been had on the plea and motion.

The plea well shows that the writ was not served in any lawful manner as a writ of summons. But the writ and return thereon are referred to in the plea, and show that the writ issued and was served as a writ of attachment. The defendant was not and could not be an inhabitant of the state. *Hall* v. *Railroad Co.*, 28 Vt. 401; *Filli* v. *Railroad Co.*, 37 Fed. Rep. 65. In such case the writ could be served by leaving a copy with the defendant's known agent or attorney, and for want thereof at the place where the goods or chattels were attached. R. L. Vt. § 881. The plea does not allege that Lawler was not such agent or attorney, nor that the copy was not left with him at the place of attachment. When a cause is removed from a state court to this court it is to proceed as if

brought here by original process, and the pleadings are to have the same force and effect for every purpose as they would have had by the laws and practice of the state court, if the cause had remained there. Rev. St. U. S. § 639. By the laws of the state court a plea in abatement for defective service which does not negate every manner of lawful service is bad on demurrer. *Smith* v. *Chase*, 39 Vt. 89. This plea must therefore be adjudged insufficient here.

The motion to dismiss is to be determined upon what appears on the face of the record. *Bliss* v. *Smith*, 42 Vt. 198. The attachment was good to hold the property, although not sufficient to found a personal judgment upon. R. L. §§ 1404, 1405; *Price* v. *Hickok*, 39 Vt. 292; *Pennoyer* v. *Neff*, 95 U. S. 714. If the motion should be granted, and the proceedings wholly dismissed, that right would be cut off. The defendant has notice of the suit, sufficient to found such a judgment upon at least. The plaintiff insists that the defendant could not remove the cause without becoming a party for all purposes, but that need not now be determined. The motion must be overruled, whether that is so or not. Demurrer sustained, and plea in abatement adjudged insufficient, and motion to dismiss overruled.