CONNECTICUT VALLEY LUMBER COMPANY *v.* WILLARD C. ROWELL.

October Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed October 15, 1910.

*Process—Service—Return—Conclusiveness—Capacity of Officer— Evidence — Pleading — Issues — Review — Findings — Conclusiveness.*

The return on a writ is not conclusive, even between the parties, as to the capacity in which the officer served the writ.

Parties are confined strictly to the matters put in issue by their pleadings.

A finding supported by proper evidence will not be disturbed.

Evidence that an officer who served a writ signed his return thereon as deputy sheriff sustains a finding that he did not serve, nor intend to serve, the writ as constable.

ASSUMPSIT. Issue on defendant's traverse of the plaintiff's replication to the defendant's plea in abatement of the writ. Trial by court at the April Term, 1910, Essex County, *Water-*

*man*, J., presiding.   Judgment that the writ abate, with costs to the defendant.   The plaintiff excepted.   The opinion states the case.

*Harry B. Amey* for the plaintiff.

The return is conclusive between the parties as to the capacity in which Spencer served the writ, and so it cannot be falsified by showing that he was not then deputy sheriff.   *Yates* v. *Pitkin*, 47 Atl. 787; *Columbian Granite Co.* v. *Townsend*, 52 Atl. 432; *Carney* v. *Dennison*, 15 Vt. 400; 29 Am & Eng. Enc. Law, (1st Ed.) 194.

*Howe & Hovey* for the defendant.

There was evidence to sustain the finding that Spencer did not serve, nor intend to serve, the writ as constable; for the officer's return on the writ is evidence of everything recited therein within his official duty, and this includes the capacity in which he acted.   *Eastman* v. *Curtis*, 4 Vt. 616; *Swift* v. *Cobb*, 10 Vt. 282; *Bank* v. *Downer*, 29 Vt. 332; *Gilson* v. *Parkhurst*, 53 Vt. 384; *Weeks* v. *Sowles*, 58 Vt. 696; *Yatter* v. *Pitkin*, 72 Vt. 255; *Smith* v. *Chase*, 39 Vt. 89.

Rowell, C. J.   The writ in this case was served by E. W. Spencer, who signed his return as "Deputy Sheriff".   The defendant pleaded in abatement that Spencer was not deputy sheriff at the time he made the service.   The plaintiff replied that Spencer served the writ as constable of the town of Bloomfield, which he then was, and in no other capacity.   The defendant rejoined that he did not serve the writ as constable, and concluded to the country.

The issue was tried by the court, which found that there was no service of the writ except that shown by the return indorsed thereon; that a return was partly printed on the back of the writ, leaving spaces to be filled by the officer; that at the time of the service, said Spencer was not a deputy sheriff, but was a constable of Bloomfield; that he did not write the word *Constable* after his name, and that that word did not appear

in his return; that the words, "Deputy Sheriff," were printed at the end of the blank return, and not made by Spencer, who signed his name just above them, and had since died; and that there was no evidence before the court as to the capacity in which he acted in serving or attempting to serve the writ except as stated in the findings.

The court found and held that said Spencer did not serve the writ as constable, and adjudged that the writ abate, with costs to the defendant.

The plaintiff excepted to the finding that Spencer did not serve the writ as constable, because the finding was against the evidence, and because all the evidence indicated that he did serve it as constable and in no other capacity.

The plaintiff also excepted to the finding that there was no service of the writ except that shown by the return indorsed thereon, because the finding was against the evidence, and because all the evidence tended to show that there was service other than that showed by the return.

The plaintiff also excepted to the rendition of the judgment.

The plaintiff claims that the return is conclusive between the parties, of the capacity in which Spencer served the writ, and therefore that it cannot be falsified by showing that he was not then a deputy sheriff, and consequently could not have made the service in that capacity. But it is held otherwise in *Smith* v. *Chase*, 39 Vt. 89.

And besides, when parties go into special pleadings, they are confined strictly to the matters put in issue, for the court tries only such issues as the parties make by their pleadings. *Columbian Granite Co.* v. *Townsend & Co.*, 74 Vt. 183. Thus, in *Carpenter* v. *Smith*, 40 Vt. 251, the plaintiff traversed a plea of tender and went to trial of the issue by jury; and it was held that he could not, by excepting to the charge, insist that the defendant had no right to plead the plea.

So the question is whether there was any evidence tending to support the findings. If there was, both they and the judgment must stand; and that there was such evidence is manifest, for the fact that Spencer signed the return as deputy sheriff tended to show that he did not serve, nor intend to serve, the

writ as constable, and to show that there was no service thereof except that shown by the return thereon.

*Judgment affirmed.*