### LOWENMEYER v. NATIONAL LUMBER COMPANY.

[No. 10,070.   Filed November 25, 1919.]

1. CORPORATIONS.—*Foreign Corporations.—Admission.—Statutes.—Construction.*—When statutes governing the admission into the state of foreign corporations do not specify what shall constitute "doing business" or "transacting business," such question is ordinarily a matter for judicial determination. p. 464.

2. CORPORATIONS.—*Foreign Corporations.—Transacting Business.—Isolated Acts.—Construction.*—Where a foreign corporation enters into a single contract or engages in some other isolated business act within a particular state, with no intention to repeat the same therein or make such state a base for the conduct of any part of its corporate business, the courts as a rule have held that such corporation cannot be said to be "doing business" or "transacting businesss" within the meaning of the usual statutory provisions regulating the admission of foreign corporations. p. 464.

3. CORPORATIONS.—*Foreign Corporations.—Admission.—Purchasing and Using Site.*—Where a foreign corporation purchases real estate for use as a coal yard and so uses the same in conducting a retail coal business within this state, such purchase is not an isolated transaction, and the act of acquiring such site fell within the inhibition against doing business provided in §4085 Burns 1914, Acts 1907 p. 286, §1. p. 464.

4. CORPORATIONS.—*Foreign Corporations.—Admission.—Comity.—Limitation by Statute.*—The doctrine of state comity cannot prevail in the judicial construction of the nature of acts performed by a foreign corporation within this state, under §§4085 et seq. Burns 1914, Acts 1907 p. 286, since §8 of the statute, §4093 Burns 1914, expressly states that the statute is a limitation upon interstate comity. p. 464.

5.  CORPORATIONS.—*Foreign Corporations.—Admission.—Noncompliance with Statute.—Resort to Courts.—Inhibition Unlimited.*— The resort by a foreign corporation to the courts of this state without first having complied with the requirements of §§4085 *et seq.* Burns 1914, Acts ·1907 p. 286, is inhibited by §9 of the statute, §4094 Burns 1914, equally against a claim arising out of an isolated or preliminary transaction as against one arising out of the usual business conducted by the corporation.   p. 465.

6.  CORPORATIONS.—*Foreign Corporations.—Contracts.—Assignees.— Noncompliance With Statutes.—Resort to Courts.—*The assignee of the contract of a foreign corporation cannot assert any rights thereunder which could not have been asserted by the foreign corporation through which he claims by assignment from its trustee in bankruptcy and an intervening third person, where the corporation has failed to comply with a statute giving it a right to transact business in the state, notwithstanding that the assignee took the contract before breach thereof. p. 466.

7.  CORPORATIONS.—*Foreign Corporations.—Admission.—Noncompliance With Statutes.—Stockholders.—Estoppel.—*A stockholder in a foreign corporation which has not complied with the statute regulating its admission to do business in the state is not estopped in an action brought against him upon a contract between him and the corporation from asserting such failure to comply as a defense to such action.   p. 467.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Benjamin Lowenmeyer against the National Lumber Company.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*Howell & Jones* and *Theodore Johnson,* for appellant.

*Eli F. Seebirt, Daniel D. Schurtz, Fred C. Klein* and *George W. Zinky,* for appellee.

BATMAN, J.—This is an action by appellant against appellee to enforce the specific performance of a contract involving a sale of real estate.   It is alleged that the Harmon Coal Company, a corporation organized

under the laws of the State of Delaware, contracted with appellee, a corporation organized under the laws of the State of Indiana, for the purchase of certain real estate in South Bend, Indiana; that appellee received part of the purchase price in cash, took stock in said coal company for a portion thereof, and gave time for the payment of the balance due thereon; that said coal company was adjudged a bankrupt, and its rights under said contract were duly sold by a trustee in bankruptcy to one Bliss, who transferred the same to appellant; that appellant tendered to appellee the balance of the purchase money for said real estate and demanded a deed of conveyance therefor, which was refused. To the complaint appellee filed an answer in abatement in two paragraphs, each of which is based on the alleged fact that said coal company was and is a foreign corporation, and at the time of the purchase of said real estate it had not, nor has it since said time, complied with the law of this state, with reference to the admission of foreign corporations for the purpose of transacting business, and exercising its corporate powers. Appellant filed a demurrer to each of these paragraphs, which was overruled, and he then filed a reply thereto in general denial. The cause was thereupon submitted to the court for trial on the issues thus formed and, upon a special finding of facts made upon request, a conclusion of law was stated in favor of appellee, and a judgment was rendered thereon that the action abate. From this judgment appellant prosecutes this appeal, and alleges that the court erred in overruling his demurrer to each paragraph of the answer in abatement, and in stating its conclusion of law on the special finding of facts.

We will first direct our attention to the alleged error based on the action of the court in stating its conclusion of law in favor of appellee, on the special finding of facts, as a determination of the questions raised in that connection will be decisive of this appeal. So much of the special finding of facts as is necessary for an understanding of the questions presented and determined with reference to the alleged error under consideration is substantially as follows: That appellee is, and has been ever since October 1, 1912, a corporation duly organized under the laws of the State of Indiana, with powers only to buy and sell lumber and do a lumber business, and with such other powers as are by law incident thereto, and that said corporation, since the above-mentioned date, has been doing business only in the city of South Bend, Indiana; that on said date the Harmon Coal Company was, and for more than one year before said date had been, a corporation duly organized under the laws of the State of Delaware, with powers only to engage in the purchase and sale of coal and fuel, and to hold such real estate as may be necessary to carry on said business; that on said date said foreign corporation, Harmon Coal Company, established a place of business in South Bend, Indiana, where, and from which time until the year 1914, it engaged in the business in said city and state of buying and selling coal at retail; that on said date appellee was the owner of certain real estate in the city of South Bend, Indiana, described in appellant's complaint; that on said date appellee and the coal company entered into a certain contract whereby the former sold said real estate to the latter; that the coal company purchased said real estate for the purpose of using it as a coal

yard, and in conducting its business in said city of South Bend; that beginning with October 14, 1912, and until the year 1914, it did carry on its business of selling coal for profit in said city, from and upon said real estate; that the contract between said coal company and appellee was negotiated and entered into on behalf of the coal company by its agent, Howard R. Van Auken, in the city of South Bend, Indiana, and that all things done on behalf of said foreign corporation in the purchase of the real estate were done by it in said city and state, and that said real estate was bought by it through its said agent for the purpose of establishing a permanent place of business in the city of South Bend; that on October 12, 1912, the coal company, in pursuance of the terms of said contract, paid to appellant the sum of $50, and issued to it its certificates for 100 shares of the preferred stock of said coal company and 100 shares of the common stock thereof; that said shares of stock were received by appellee as a payment of $1,000 on the purchase price of said real estate, and that said coal company executed to appellee its promissory note for $2,950, due on March 1, 1913, which note was delivered to appellee when said coal company approved the abstract of title to said real estate; that a portion of the indebtedness represented by said note was paid, but that the sum of $2,000 thereof remained unpaid; that on August 10, 1914, a petition in bankruptcy was filed in the United States District Court, and subsequently on October 6, 1914, an order was entered thereon adjudging said coal company a bankrupt; that on said date the Central Trust Company of Illinois was duly appointed a trustee in bankruptcy of said coal company, duly qualified as such,

and entered upon the performance of its duties as such trustee; that on January 19, 1915, the United States District Court ordered said trustees to sell all his right, title and interest in and to said real estate without notice; that at such sale one Willis K. Bliss became the purchaser of said trustee's right, title and interest in said real estate, and said trustee, after the approval of the sale, executed to said Bliss a deed for said real estate; that thereafter, on January 19, 1915, said Bliss, together with his wife, for a valuable consideration, conveyed by deed his rights in and to the real estate to appellant; that appellee was named in the schedule of creditors as a creditor of the coal company in the proceedings of bankruptcy. In addition to the foregoing, facts were found which show that the Harmon Coal Company had not performed the acts required by law for its admission into this state for the transaction of business or exercise of its corporate powers.

Appellant first contends that the contract for the purchase of the real estate in question is not within the inhibition of the statute regarding the transaction of business within this state by foreign corporations. The statute in question provides as follows: "That before any foreign corporation for profit shall be permitted or allowed to transact business or exercise any of its corporate powers in the State of Indiana, other than insurance companies, building and loan companies and surety companies, they shall be required to comply with the provisions of this act and shall be subject to all the regulations prescribed herein, as well as all other regulations, limitations and restrictions applying to corporations of like character organized under the laws of this state." §4085 Burns 1914, Acts 1907 p. 286.

Similar statutes have been enacted by many of the states, but as a rule they do not undertake to specify the particular acts or transactions that shall constitute "doing business" or "transacting business." Such question, therefore, is ordinarily a matter of judicial determination. The courts as a rule have held that, where a foreign corporation enters into a single contract, or engages in some other isolated business act within a particular state, with no intention to repeat the same therein, or make such state a basis for the conduct of any part of its corporate business, such corporation cannot be said to be "doing business" or "transacting business" within such state, within the meaning of the usual statutory provisions regulating the transaction of business by foreign corporations. 12 R. C. L. 69; 19 Cyc 1268; *Penn Collieries Co.* v. *McKeever* (1905), 183 N. Y. 98, 75 N. E. 935, 2 L. R. .A (N. S.) 127; *Hart-Parr Co.* v. *Robb-Lawrence Co.* (1906), 15 N. D. 55, 106 N. W. 406; *Booth & Co.* v. *Weigand* (1906), 30 Utah 135, 83 Pac. 734, 10 L. R. A. (N. S.) 693; *Cooper Mfg. Co.* v. *Ferguson* (1885), 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137; *D. & H. Canal Co.* v. *Mahlenbrock* (1899), 63 N. J. Law 281, 43 Atl. 978, 45 L. R. A. 538; *Kirven* v. *Virginia, etc., Chemical Co.* (1906), 145 Fed. 288, 76 C. C. A. 172, 7 Ann. Cas. 219. In the instant case, however, it is evident that the act of purchasing the real estate in question does not fall within that class of cases denominated isolated transactions. The special finding of facts expressly shows that the real estate was purchased by said coal company for the purpose of using the same as a coal yard in conducting its business in the city of South Bend, and that it began to use it

for such purpose immediately after its purchase, and continued so to do until the year 1914. But appellant contends that the act of purchasing the real estate was merely the exercise of rights existing by comity, and was only preliminary to doing the business contemplated by the corporation. The doctrine of state comity, which appellant seeks to invoke, cannot prevail against the statute, which states that its provisions are a limitation to interstate comity. §4093 Burns 1914, *supra.* The special finding of facts shows that the foreign corporation in question had the power to acquire and hold such real estate as might be necessary to carry on its business of dealing in coal and fuel, and it cannot be said with reason that the act of acquiring a place for the conduct of such business, under the facts found, although in a sense preliminary, did not fall within the inhibition of the statute.

But, even if it could be said that the purchase of said real estate was an isolated transaction, or merely preliminary to the conduct of the principal business of such foreign corporation, and for either of these reasons was not transacting business or exercising corporate powers, within the meaning of §4085, *supra,* still, under the facts found, this action must abate. The special finding of facts clearly shows that said foreign corporation, Harmon Coal Company, for a period of more than one year, did transact a coal business for profit, from and upon the real estate in question, without complying with the act relating to such corporations engaging in business in this state. Section 4094, *supra,* is a part of said act, and it expressly provides as follows.: "If after this act shall take effect any foreign corporation

shall fail to comply herewith, no suit may be maintained, either in law or in equity, upon any claim, legal or equitable, whether arising out of contract or tort, in any court in this state.'' This inhibition would evidently be as effective against a claim arising out of an isolated or preliminary transaction as it would be against one arising out of the usual business conducted by such corporation.

Appellant contends that, even if it should be held that the purchase of said real estate was the transaction of business within the meaning of §4085, supra, still this would not affect his right to maintain this action. He bases this contention on the fact that the contract in question is not void, and asserts that he, being an assignee thereof before breach, may enforce the same, notwithstanding any failure on the part of such foreign corporation to comply with the statute under consideration. We cannot concur in this contention. It is well settled in this state that, where a foreign corporation has failed to comply with a statute giving it a right to transact business in this state, and becomes insolvent, a receiver or trustee appointed to administer its affairs cannot maintain an action brought in this state on a claim arising therein; and that, where such corporation reaches a state that prevents a compliance with such statute, the facts with reference to its noncompliance and condition may be pleaded in bar to the action. *Wiestling* v. *Warthin* (1890), 1 Ind. App. 217, 27 N. E. 576; *Swing* v. *Wellington* (1909), 44 Ind. App. 455, 89 N. E. 514; *Swing* v. *Toner* (1912), 178 Ind. 102, 96 N. E. 946. It is thus made apparent that appellant, as assignee of the contract in suit, cannot assert any right thereunder which could not have been

asserted by the foreign corporation through which he claims.

It is also contended by appellant, in effect, that appellee, being a stockholder in said foreign corporation and having failed to take any step to se-

7.  cure its compliance with the statute in question, has waived any defense based on such failure, and is estopped from asserting any such defense. We cannot agree with this view of the law. A casual reading of the authorities which treat of the relation existing between stockholders and the corporation of which they are members, and of their powers and duties in the management of its affairs, will readily disclose that appellant's contention in this regard is without foundation. 10 Cyc 373, 760.

We conclude that the court did not err in stating its conclusion of law on the special finding of facts and, for the reasons given above, there was no error in overruling the demurrer to either paragraph of the answer in abatement. Finding no error in the record, the judgment is affirmed.