NORTH DAKOTA REALTY AND INVESTMENT COMPANY
*v.* ABEL ET AL.

[No. 12,603.    Filed January 27, 1927.]

1. CORPORATIONS.—*Statute of 1879 as to foreign corporations not applicable to foreign corporations act of 1907.*—Section 4106 Burns 1914, being the second section of an act of 1879 (Acts 1879 p. 145) in relation to the transfer to the United States courts of actions against foreign corporations, has no application to the act of 1907 (Acts 1907 p. 286, §4909 *et seq.* Burns 1926). p. 568.

2. CORPORATIONS.—*Foreign corporation held not to be "transacting business" in Indiana by accepting conveyance of Indiana land as part of purchase price of land sold in another state and then selling it for part cash and a mortgage on other local real estate.*—A foreign corporation which took a conveyance of a house and lot in Indiana as part payment for certain land which it then owned in North Dakota and afterward, for the purpose of disposing of the Indiana property, sold the same, receiving therefor a certain amount in cash and a mortgage

on other Indiana lots, and the owner of said lots being unable to pay said mortgage, the fee thereof was transferred to it, all of said business being transacted in a foreign state, was not "transacting business" in Indiana within the meaning of the statute regulating the transaction of business by foreign corporations (§4909 *et seq.* Burns 1926). p. 568.

From Martin Circuit Court; *Milton S. Hastings,* Judge.

Action by the North Dakota Realty and Investment Company against Mary Abel and others. From a judgment abating the action, the plaintiff appeals. *Reversed.* By the court in banc.

*Frank E. Gilkison,* for appellant.

*Carlos T. McCarty* and *Fabius Gwin,* for appellees.

NICHOLS, J.—Action to quiet title. The complaint is in three paragraphs. The first seeks to quiet appellant's alleged fee simple title in certain real estate in Martin county, Indiana; the second seeks to quiet appellant's alleged equitable title in the same real estate; and the third paragraph alleges a fee simple title to the same real estate in appellant, that, by an erroneous description, the same was sold to an ancestor of the appellees, at a delinquent tax sale, and upon said sale, a deed was executed by the auditor of the county to said purchaser, after the expiration of two years. This paragraph further alleges the death of the ancestor, leaving appellees as his only heirs, the insufficiency of the deed to convey title, and tender of the amount due, with a prayer to quiet title. Appellees filed an answer in abatement in three paragraphs. We are concerned only with the third paragraph, which, in substance, avers that on or prior to September 30, 1918, and continuously since said time, appellant was a foreign corporation, organized under the laws of North Dakota; that it has at all times been a corporation for profit and was not, at the time of its organization, nor has it

since been, an insurance, building and loan or surety company. That it has never been admitted as a foreign corporation under the laws of the state to transact business or exercise any of its corporate powers or to hold titles to or liens on real estate in the state; that it has never made application to the secretary of state in due form and with required statement of facts to authorize it to transact business in the state and that it has in no way complied with the law with reference to such foreign corporations.

That the secretary of state has not issued to appellant a certificate stating in such certificate the powers and objects of said corporation which might be exercised in this state. That September 30, 1918, appellant acquired real estate in the town of Shoals, Martin county, Indiana, and has since said date been engaged in owning, renting, selling, trading and otherwise disposing of and owning real estate in the state. That it has also since said date acquired, held, and owned and disposed of mortgages on real estate in Indiana.

That, in pursuance of its business in the state, on September 30, 1918, it acquired title to real estate in said town of Shoals, owned the same and leased and rented the same, and collected rentals therefrom until September 23, 1919, when it sold and conveyed the same to George M. Freeman and Meadie Freeman; that on October 6, 1919, it acquired and held a mortgage on said real estate in said town of Shoals, said mortgage being acquired and taken by it in the transaction of its business in the state. That on May 12, 1921, it acquired title to the real estate described in the complaint and that since said time it has claimed to own said real estate, and, in the exercise of its business and corporate functions, has leased and rented the same and collected the rents and profits therefrom. That all of said acts were committed and done without appellant in any man-

ner having complied with or attempted to comply with the statutes and laws of the state relative to foreign corporations of its character and kind.

Appellant's demurrer was overruled as to this paragraph of answer in abatement, and appellant thereupon filed its reply, the second paragraph of which admits that it is a North Dakota corporation, and that it has not complied with the laws of the State of Indiana with respect to the transaction of business in the state, but avers that it is not now, and it never has been, engaged in the transaction of business in the state; that it does not now, and it never has, maintained an office for the transaction of business in the state; that it is the owner of the real estate described in the complaint herein, having acquired the title thereto in the following manner, to wit: That on September 30, 1918, it sold a tract of land which it owned, located in North Dakota, to a man who paid for the same partly in cash, and partly by deeding to appellant a house and lot which he owned in Shoals, Indiana. That thereafter, for the purpose of disposing of its Indiana property, appellant sold the same to one Freeman of Shoals, who paid for the same partly in cash and the remainder by transferring a note for the principal sum of $500, secured by a mortgage on certain lots in Shoals, Indiana. Thereafter, the owner of the fee in said lots, being unable to pay said mortgage thereon and the same being then due, for the purpose of avoiding the expenses of a foreclosure, deeded his interest therein to appellant, subject to a first mortgage against the same which later it paid off. That all of said business was transacted in North Dakota and none in Indiana. That this is the sole and only property appellant has ever held in Indiana, and all its action in said matter has been for the purpose of closing out its holding in the state, and at no time has it

intended to engage in business in the state and does not now so intend.

Appellees filed a demurrer to such second paragraph of reply, which demurrer was sustained. A trial resulted in a judgment against appellant abating the action, from which, after appellant's motion for a new trial was overruled, this appeal, appellant assigning error of the court in overruling appellee's demurrer to the third paragraph of answer, in sustaining appellee's demurrer to the second paragraph of reply, and in overruling appellant's motion for a new trial.

A single question is presented by the errors assigned. That question is, whether a foreign corporation for profit, without complying with the Indiana statute with reference to transacting business in Indiana, may become the owner of real estate therein, under circumstances such as here, and protect its title by a suit at law or equity until such time as it may dispose of its holding, such ownership being an isolated transaction, and all the negotiations and trading with respect to it having been had in the state of the corporation's nativity, without any intention on its part to repeat the transaction or to transfer any of its business to Indiana. If this question is answered in the affirmative, the cause should be reversed; if in the negative, it should be affirmed.

Section 4909 Burns 1926, §4085 Burns 1914, §1 of an act of 1907, Acts 1907 p. 286, provides: "Be it enacted by the general assembly of the State of Indiana, that before any foreign corporation for profit shall be permitted or allowed to transact business or exercise any of its corporate powers in the State of Indiana, other than insurance companies, building and loan companies and surety companies, they shall be required to comply with the provisions of this act and shall be sub-

ject to all the regulations prescribed herein, as well as all other regulations, limitations and restrictions applying to corporations of like character organized under the laws of this state."

The provisions with which a foreign corporation is required to comply are set out in the succeeding sections, and are made the basis of appellee's third paragraph of answer.

Section 4918 Burns 1926, §4094 Burns 1914, being §9 of the same act from which the above section is quoted, provides, after certain penalties, that if any corporation shall fail to comply with the provisions of the act, no suit may be maintained either at law or in equity, upon any claim, legal or equitable, whether arising out of contract or tort, in any court of this state.

Appellees are mistaken in their contention that §4106 Burns 1914, has any application to the provisions of the act of 1907, *supra.*   That section is §2 of an

1.   act of 1879, Acts 1879 p. 145, and applies only to its provisions.

It appears by the pleadings and the evidence that the ownership of the real estate involved is an incident to a sale by appellant of a tract of land in North

2.   Dakota, the business having been transacted in that state, appellant having taken the Indiana land in part payment for a such Dakota tract.   Later, appellant sold the land with the purpose of closing out its Indiana holding, and took a second mortgage for $500, in part payment, on another tract, the land here involved.   It was thereafter compelled to take a conveyance of the property on which it held a second mortgage, which it did, paying off the first mortgage, in the amount of $1,000.   It thus appears that the business in this state was, in effect, but a single isolated transaction for the purpose of unloading a property acquired in a North Dakota business deal.   Under such

circumstances, as stated in *Lowenmeyer* v. *National Lumber Co.* (1919), 71 Ind. App. 458, on page 464: "The courts as a rule have held that, where a foreign corporation enters into a single contract, or engages in some other isolated business act within a particular state, with no intention to repeat the same therein, or make such state a basis for the conduct of any part of its corporate business, such corporation cannot be said to be 'doing business' or 'transacting business' within such state, within the meaning of the usual statutory provisions regulating the transaction of business by foreign corporations." Numerous authorities are there cited to sustain the rule.

We hold that the court erred in sustaining the demurrer to the reply.

Reversed.