DODGEM CORPORATION *v.* D. D. MURPHY SHOWS, INC.

[No. 14,586.  Filed December 23, 1932.  Rehearing denied
April 6, 1933.]

*White & Haymond* and *Bracken, Gray & De Fur,* for appellant.

*R. W. Lennington & Sons, amicus curiae,* in support of appellee.

WOOD, J.—The appellant is a Massachusetts corporation. The appellee is a Missouri corporation. On January 10, 1927, in the city of St. Louis, Missouri, the appellee executed and delivered to the appellant, its six certain promissory notes, each for the sum of $500.00 with interest from February 1, 1928, at six per cent per annum. The last one of said notes was due and payable October 1, 1929. By their terms all of the notes were payable at the Lawrence Trust Company, Lawrence, Massachusetts. The appellee was engaged in the show business, and traveled from city to city, and state to state, for the purpose of giving exhibitions, usually remaining in each place for a period of several days, before moving to another location. On August 6, 1931, the appellee's shows were located and being operated in the city of Muncie, Delaware County, Indiana, and it had certain articles of tangible personal property belonging to it in said city and county, which were being used by appellee in the operation of said shows. On that date the appellant filed its complaint in the Delaware Superior Court against the appellee for the collection of all of said notes. The clerk issued a summons to the Sheriff of Delaware County who returned the same, endorsed as follows:

"Came to hand the 6th day of August, 1931, and I served this writ on the within named defendant, Lester M. Brophy, Gen. Mgr. of the D. D. Murphy Shows, Inc., by reading to within hearing & presence the 6th day of August, 1931, and on the 6th day of August , 1931, served Lester M. Brophy by copy, and make due return this writ the 7th day of August, 1931.

By leaving a true copy of this writ at the last usual place of residence of said Fred W. Puckett, Sheriff Delaware County."

At the same time appellant filed an affidavit in attachment alleging as cause therefor, that the defendant (appellee) was a foreign corporation; appellant accompanied this affidavit with the usual bond as required by Sec. 988, Burns 1926. On August 7, 1931, the clerk issued a writ of attachment to the sheriff of Delaware County, who executed it on the same day by taking into his possession certain personal property of appellee, which he caused to be inventoried and appraised and made a due return of the writ as required by Sec. 992, Burns 1926.

The record shows without any controversy that neither the appellant or appellee had ever at any time made any attempt to comply with or sought to be admitted to do business as a foreign corporation with, the State of Indiana as required by Secs. 4856.21-4856.34, Burns Supp. 1929, Acts 1929, p. 725.

Appellee appeared specially to the action and filed what it designated as a motion to dismiss and abate the action in which it alleged facts substantially as above set out, except it did not set out the return of the sheriff to the summons or question its sufficiency in any way. In addition to the facts as above summarized the appellee did allege that it did not on August 6, 1931, nor had it since or prior to January 10, 1928, had any property located in the State of Indiana; that at the time of the filing of the action no notice of its pendency was ever given to appellee by publication as required by law and no notice of its pendency was ever published in any newspaper in Delaware County, or in the State of Indiana; that no summons or notice of the pendency of the action had ever been served upon the appellee as required by law. The pleading was verified. To this pleading the appellant filed a reply in general denial.

The issues thus formed were submitted to the court for trial without a jury. Finding was made and judg-

ment entered abating the action. The appellant field a motion for a new trial. The causes therefore, which it is necessary to consider, being: (1) the decision of the court is contrary to law; (2) the decision of the court is not sustained by sufficient evidence. This motion was overruled and this action of the court is assigned as error.

The appellee has failed to file a brief. This may be considered as a confession of error, and the court may in its sound discretion determine the questions presented by appellant's brief, or it may reverse the judgment without prejudice to either party, without considering the appeal on its merits, providing the appellant's brief makes an apparent or *prima facie* showing of reversible error. *Bryant* v. *School Town, etc.* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 268. It is therefore incumbent upon this court to determine whether the appellant has presented *prima facie* reversible error in its brief.

The question submitted to the court for consideration may be stated as follows: Can one foreign corporation which has not complied with the statutes permitting it to do business within this state sue another foreign corporation within this state, when it has not complied with the statutes permitting it to do business in the state, upon promissory notes executed in one foreign state, to be paid in another foreign state, and if such foreign defendant corporation has tangible property in this state can it be attached and subjected to satisfaction of such foreign plaintiff corporation's claim? After diligent investigation we do not find that this identical question has ever before been presented to either our Supreme or Appellate Court for determination.

The cases in which the courts have discussed questions somewhat similar to those here presented are numerous, but the conclusions arrived at have not been

harmonious. The conflict in the authorities is undoubtedly due in no small degree to local statutes, and for that reason they do not lend much dependable assistance. However there are certain general principles of law involved in a determination of the questions comprehended within the record in this case upon which a great majority of the courts agree, and except as modified or controlled by statutes of the different states lend some aid in discovering a proper answer to the query.

A plea in abatement is a dilatory plea; it is construed with much greater strictness than an ordinary plea in bar; no intendments are taken in its favor. It must contain the utmost fullness and particularity in every respect, also the highest accuracy and precision, leaving nothing to be supplied by intendment on the one hand and no assumed special answer unobviated on the other hand. It is regarded with disfavor as having the effect of excluding the truth. *Needham* v. *Wright* (1895), 140 Ind. 190, 39 N. E. 510; *Moore* v. *Morris* (1895), 142 Ind. 354, 41 N. E. 796; *Kunkle* v. *Coleman* (1910), 174 Ind. 315, 92 N. E. 61; *Rush* v. *Foos Mfg. Co.* (1898), 20 Ind. App. 515, 51 N. E. 143; *Callahan·Co.* v. *Wall, etc., Co.* (1909), 44 Ind. App. 372, 89 N. E. 418; *National, etc., Co.* v. *Wolfle* (1914), 59 Ind. App. 418, 106 N. E. 390.

This was a transitory action. 7 Words & Phrases, (3rd. Series) p. 592; 22 Ency. Pl. & Pr, p. 780; 1 C. J. §23, p. 933. The Delaware Superior Court has jurisdiction of actions and proceedings of the character here involved. Sec. 1430, Burns 1926. This is not questioned by the issues tendered.

It has been held by this court that under the provisions of Sec. 314, Burns 1894 (§329, Burns 1926) one non-resident ·natural person may bring an action in the courts of this state for the value of work and labor alleged to be due him against another

non-resident natural person, in any county where he may be found. The courts of this state being open to residents and non-residents, and the fact that the plaintiff was a non-resident of the state did not deprive him of the right to bring the action. *Levi* v. *Kaufman* (1895), 12 Ind. App. 347, 39 N. E. 1045. In the case of *McClerkin* v. *Sutton* (1868), 29 Ind. 407, suit was brought upon a promissory note, accompanied with an attachment and garnishee proceeding. Both the plaintiff and defendant were residents of Franklin County, Tennessee, the defendant filed a plea in abatement alleging that fact and the further fact that he had ample property in that county and state to answer all demands of the plaintiff. A demurrer to the answer was sustained, it being held insufficient to abate the action. The court in its opinion saying, "This suit was commenced by attachment and garnishee process, and our statute does not require that the plaintiff, in such proceedings, should be a resident of this State."

In the case of *Catlin* v. *Wilcox, etc., Co.* (1890), 123 Ind. 477, 24 N. E. 250, 8 L. R. A. 62, 18 Am. St. Rep. 338, Clapp and Davis, partners, doing business in Chicago, were indebted to the appellee. They became insolvent and appellant, pursuant to a decree of an Illinois court, was appointed as receiver of their partnership affairs. This occurred on or prior to April 14, 1887. Bagley & Oberreich, partners, doing business in LaPorte, Indiana, were indebted to Clapp and Davis. In the month of June, 1887, the appellee instituted a suit in attachment in the LaPorte Circuit Court against Clapp and Davis and summoned Bagley and Oberreich to answer as garnishees. On behalf of appellant it was contended that the principles of comity which control in aid of a receiver of a foreign court, seeking to obtain possession of a fund, should only be suspended in favor of domestic creditors, and that inasmuch as the attaching creditors were all

non-residents of the state, the aid of the court should be extended to the receiver and denied the foreign creditors. Chief Justice Mitchell, answering this contention, said: "Although non-residents, the attaching creditors are properly in our courts, pursuing a remedy which the statute confers upon foreign as well as domestic creditors. Until the Legislature shall declare a different policy, the rights of a foreign creditor against the property of a debtor, must be regarded by the courts as in all respects the same as those of resident creditors, so far as respects proceedings in attachment and garnishment. The rule which commends itself to our judgment is thus declared: 'Once properly in court and accepted as a suitor, neither the law, nor court administering the law, will admit any distinction between the citizen of its own state and that of another. Before the law and its tribunals there can be no preference of one over the other.' " See also *Mohr & Mohr Distilling Co.* v. *Insurance Co.* (1882), 12 Fed. 474.

At common law a state court could not acquire jurisdiction over a foreign corporation and render a personal judgment against it. *Reeves* v. *Southern R. Co.* (1905), 121 Ga. 561, 49 S. E. 674, 2 Ann. Cas. 207, 70 L. R. A. 573 and note; 5 Thomp. on Corporations, (2nd Ed.) §6737, p. 1534; 12 R. C. L. §81, p. 103; 14a C. J. §4078-(b), p. 1368. But, "the fact that a foreign corporation is not found within the state, and hence can not be served with process therein for the purpose of recovering a judgment in personam against it, does not prevent proceedings in rem affecting property in the state which it may own or in which it may have an interest." 14a C. J. §4102, p. 1388; 12 R. C. L. §82, p. 104; 5 Thomp. on Corp., supra.

Because of the hardship, and in some instances, the apparent denial of justice, which resulted from the rule

which prevailed at common law, its strict application where the subject matter of the action is transitory has been relaxed by the courts, and modified by statutes of many states, culminating in what is now referred to by the courts as the "modern view" on this subject, very cogently expressed by Cobb, J., in the case of *Reeves* v. *Southern R. Co., supra,* in this language: "A corporation is not always present where its officers are, but it is present in any place where its officers or agents transact business in behalf of the corporation under authority conferred by it. The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found in the sense that service may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction, and that the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served."

In the case of *Globe, etc., Co.* v. *Reid* (1897), 19 Ind. App. 203, 47 N. E. 947, 49 N. E. 291, on a petition for rehearing, this court, by Black, J., said: "A corporation organized under the laws of one state, and doing business in another state, becomes liable to be sued and served in the latter state, not merely where the action relates to business done therein, but also in transitory actions arising in another state."

Jurisdiction is not limited to business done by the corporation within the state, the liability suit does not depend upon the situs or character of the business out of which the litigation arises, but upon the fact that the corporation is present within and therefore answerable to process of the state where action is instituted. *Walsh* v. *Atlantic, etc., Co.* (1916), (D. C.)

256 Fed. 47; *Tauza* v. *Susquehanna, etc., Co.* (1917), 220 N. Y. 259, 115 N. E. 915.

In 7 R. C. L. §67, p. 1037, the editor expresses the "modern view" as follows: "The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found, in the sense that service may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction, and that the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served." The same principle is announced in 14a C. J. §4099, p. 1383.

The right of a corporation to sue in a state other than that of its domicile is not an absolute right but rests upon the comity of the states. 14a C. J. §§4063, 4064, pp. 1354-1356; 12 R. C. L. §§4, 5, pp. 8 to 12; *Guaga, etc., Co.* v. *Dawson* (1836), 5 Blackf. 202. In the case of *Smith* v. *Little* (1879), 67 Ind. 549, it was held that the restrictions against foreign corporations doing business in this state which were contained in 1 R. S. 1852, p. 242, related only to the enforcement of contracts in the state, and that there was no prohibition in the statute which prevented them from bringing an action to recover possession of personal property. A similar rule of reasoning was applied in the case of *Phoenix, etc., Co.* v. *Pennsylvania R. Co.* (1893), 134 Ind. 215, 33 N. E. 970, 20 L. R. A. 405, and *Pittsburg, etc., Co.* v. *German, etc., Co.* (1909), 44 Ind. App. 268, 87 N. E. 995, both of which were cases brought to recover from railroad companies losses paid under policies of insurance. "And the statutes which prevent foreign corporations from doing business and from maintaining any action on contracts made in violation of such provisions, do not prevent a foreign corporation from suing or de-

fending an action without having complied with the statutory requirements, where the cause of action does not arise out of or in connection with its failure to comply with the statute . . . it must not be assumed that such a statute prevents a foreign corporation from maintaining an action in the court of the state enacting the statute. Nothing less than a direct positive prohibition preventing foreign corporations from bringing or maintaining an action in the local courts, could be held to have this effect." 5 Thomp. on Corporations, (2nd Ed) §6725, p. 1520, and authorities cited; 12 R. C. L. §49, p. 71. Our attention has not been called to any provision of our statutes which would prevent a foreign corporation from instituting an action upon a contract of the character involved here.

The 5th Amendment to the Federal Constitution operates exclusively in restriction of federal power and does not apply to the states, while a corporation not being a citizen within the meaning of the 14th Amendment to the Federal Constitution can not invoke the benefit of the provision which was inserted for the protection of natural persons. *Pittsburgh, etc., Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033; *Inland, etc., Co.* v. *Yedinak* (1909), 172 Ind. 423, 87 N. E. 229. So a state may impose conditions or restrictions not in conflict with the Constitution or laws of the United States on foreign corporations doing business within its limits. *Globe, etc., Co.* v. *Reid, supra.*

Section 330, Burns 1926, provides that: "Actions may be brought against a corporation created by or under the laws of any other state, government or country in any court having jurisdiction of the amount demanded, by any person having a cause of action, in any county within the state where any property, moneys, credits or effects belonging or due to the corporation may be found." Under this section of the statute

this court has held that an action may be brought in any county within the state where any money, credits or effects belonging to or due the corporation may be found. *C. Callahan Co.* v. *Wall Rice, etc., Co.* (1909), 44 Ind. App. 372, 89 N. E. 418; *Brown-Ketcham, etc., Co.* v. *George B. Swift Co.* (1913), 53 Ind. App. 630, 100 N. E. 584.

Section 334, Burns Supp. 1929, Acts 1929, p. 806, so far as applicable here, provides that: "The process against corporations may be served as follows: . . . (d) Process upon a foreign corporation not authorized to do business in this state may be constructively served by publication, in the same manner that constructive service may be had in the case of other non-residents."

Section 338, Burns 1926, provides for notice of the pendency of an action to be given by publication, "Third: Where the defendant is not a resident of the state, and the cause of action is founded upon or connected with a contract, . . . or to enforce the collection of any demand by proceedings in garnishment or attachment."

Section 981, Burns 1926, provides that: "The plaintiff, at the time of filing his complaint, or at any time afterward, may have an attachment against the property of the defendant, in the cases and in the manner hereinafter stated, where the action is for the recovery of money; First. Where the defendant, or any one of several defendants, is a foreign corporation or a non-resident of this state."

All these statutory provisions should be construed together. *Rush* v. *Foos Mfg. Co., supra.*

In its plea in abatement appellee alleges: "That no summons or notice of the pendency of this action has ever been served upon this defendant as required by law." This allegation does not meet the requirements of certainty and exclusion demanded by such a pleading. It is a mere conclusion of the pleader.

It can be inferred that some kind of a summons or notice was served but that it was not such a summons or was not such a service as the law requires, which of the two is left to conjecture. It fails in this allegation, "to point out plaintiff's error and furnish it with material for avoiding the same mistake." *Brown-Ketcham, etc., Co.* v. *George B. Swift Co., supra.* Appellant asserts in its brief that a summons was issued for appellee. The record supports this assertion. Whether it was properly served and returned as above suggested, is not tendered by the issues so on that phase of the case we express no opinion.

"The question whether service of process had been had on an authorized agent of the appellee could be affected in no way by appellee having or not having money, credits or effects belonging to or due it within the State, but the existence or non-existence of such money, credits or effects within the State would determine whether the court might, by a supplemental or amended pleading in attachment or garnishment, acquire such jurisdiction of the person as would enable it to proceed to final judgment *in rem.*" *Brown-Ketcham, etc., Co.* v. *G. B. Swift, supra.*

The theory of the plea in abatement is that both parties are non-resident corporations; that neither one had complied with the laws of this State authorizing it to transact business within its borders; that the contract which was the foundation of the action originated and was to be performed outside this State; that the appellee did not have any property in the State, and that no notice had ever been given of the pendency of the action by publication as required by our statutes; that because of these facts the court did not acquire jurisdiction over the subject matter of the action or the appellee and the action should abate.

The statutes above quoted are remediable in their pur-

pose and should be liberally construed. *Northern,* ▉ *etc., Co.* v. *Lincoln National Bank* (1910), 47 Ind. App. 98, 92 N. E. 384.

From a review of the authorities it is manifest that our courts have assumed jurisdiction of actions brought in this State by non-resident natural persons and ▉ corporations, even though the cause of action originated outside this State. As heretofore suggested we do not find any statutory provision prohibiting a foreign corporation not doing business in this State from bringing actions in our courts in matters over which such courts have jurisdiction where the cause of action did not arise within this State. It is clear therefore that the plaintiff had a right, so far as the issues tendered by the plea in abatement were concerned, to bring its action in the courts of our State. There is no allegation in the plea that the collection of the notes which were the foundation of appellant's cause of action contravened any policy of the State, or that it would be against public policy; that it would be against good morals, natural justice, or prejudicial to the general interest of the citizens of this state in whose courts appellant sought to enforce its rights. *Burns, Admr.* v. *Grand Rapids, etc., Co.* (1888), 113 Ind. 169, 15 N. E. 230; *Cincinnati, etc., R. Co.* v. *McMullin, Admr.* (1889), 117 Ind. 439, 20 N. E. 287, 10 Am. St. Rep. 67.

The clear and explicit language adopted by the Legislature in the Acts of 1929, p. 806, does not permit interpretation and conveys its intention without uncertainty. The plea in abatement alleged that the appellee was a foreign corporation not authorized to do business in this State. Under such circumstances the legislature has said that it may be constructively served by publication, in the same manner that constructive service may be had in the case of other non-residents.

While the appellee alleged that it did not have any

property in this State, the uncontradicted evidence is that the appellee did have property within the State and that it was seized by the sheriff of Delaware County and taken into his custody under a writ of attachment, properly and legally issued by the clerk of the Delaware Superior Court. This was an action for the recovery of money on a contract, the appellee was a foreign corporation. The first subdivision of sec. 981, Burns 1926, expressly provides for such a proceeding. While the provisions of sec. 338 expressly provide for constructive service by publication where the defendant is a foreign corporation and has property in this state or the defendant is a non-resident and the action is one in which the plaintiff is seeking to enforce the collection of a demand by proceedings in attachment.

The appellant was entitled to have the writ of attachment issued and executed upon the filing of its complaint, affidavit in attachment and bond, and it was not necessary that summons be first served, or that notice by publication be first given. This might defeat the very purpose of the attachment proceeding. *Northern, etc., Co.* v. *Lincoln, etc., Bank, supra.*

That the Legislature intended to give our courts jurisdiction over foreign corporations in certain cases and has provided the method to be pursued by litigants in acquiring jurisdiction over such corporations can not be doubted. The uncontradicted facts disclose that the appellant was entitled to proceed against the appellee by proceedings in attachment and that it had properly complied with the provisions of our code in such cases.

The court erred in overruling Appellant's motion for a new trial upon the plea in abatement. This cause is reversed without prejudice to either party, and the court is instructed to grant appellant a new trial upon the plea in abatement and for further proceeding not inconsistent with this opinion.

## ON PETITION FOR REHEARING.

WOOD, J.—A brief has been filed on behalf of the appellee by an *amicus curiae* in support of a petition for a rehearing which is presented through the same source. This brief challenges the correctness of this court's holding that a foreign corporation can prosecute a cause of action in the courts of this State without first having complied with our statute (§4909 et seq., Burns 1926), permitting foreign corporations to transact business in the state.

The question has been settled by this court contrary to the contention of appellee. In the case of *North Dakota Realty Co.* v. *Abel* (1927), 85 Ind. App. 563, 155 N. E. 46, 48, the appellant, a foreign corporation, brought an action in the Martin Circuit Court, to quiet title to certain real estate in Martin county. A plea in abatement was interposed and sustained to appellant's right to maintain the action in this state, because of its failure to comply with our statute authorizing it to transact business in this state. In reversing the case, this court quoted, with approval, from the case of *Lowenmeyer* v. *National Lumber Co.* (1919), 71 Ind. App. 458, 125 N. E. 67, the following rule of law: "The courts as a rule have held, that where a foreign corporation enters into a single contract, or engages in some other isolated business act within a particular state, with no intention to repeat the same therein, or make such state a basis for the conduct of any part of its corporate business, such corporation can not be said to be 'doing business' or 'transacting business' within such state, within the meaning of the usual statutory provisions regulating the transaction of business by foreign corporations."

The petition for a rehearing is denied.