## Horace McKNIGHT
### v.
### E. W. GREENLEE et al.
### Civ. No. 1699.

United States District Court
N. D. Indiana, Hammond Division.
Aug. 30, 1955.

Spangler, Jennings & Spangler, Gary, Ind., for plaintiff.

Alfred H. Highland, Hammond, Ind., for defendants.

SWYGERT, Chief Judge.

The defendant, Central and Southern Truck Lines, Inc., has moved to dismiss the complaint of Horace McKnight as against it for lack of jurisdiction of this court over it. The complaint alleges that on January 14, 1954, near Waynesboro, Tennessee, an accident occurred wherein the defendant corporation was negligent and the plaintiff seeks recovery against the defendant, Central and Southern Truck Lines, Inc., for that accident. The original summons was served on the defendant under Section 1, Chapter 145 of the 1943 Acts of the General Assembly, being the Indiana non-resident operators statute. After this defendant had filed a motion to dismiss for improper service of process the plaintiff caused an alias sum-

mons to be issued which was served personally on Robert C. Smith, February 28, 1955, at Indianapolis, Indiana. This defendant then filed a supplemental motion to dismiss. No briefs were filed but oral arguments were heard on the motion August 4, 1955.

It appears from the oral arguments that the facts upon which the defendant, Central and Southern Truck Lines, Inc., bases its motion to dismiss for improper service of process for lack of jurisdiction over the person are as follows: The plaintiff is a citizen and resident of the State of Tennessee as appears in the complaint and the defendant, Central and Southern Truck Lines, Inc., is a corporation. incorporated outside the State of Indiana. The cause of action arose outside the State of Indiana. The defendant, in order to be admitted to do business in the State of Indiana, designated Robert C. Smith as its agent for service of process in conformance with Section 25–306 of Burns Indiana Statutes as supplemented, 1955. The defendant did not deny the assertion by the plaintiff during oral arguments on this defendant's motion that it, the Central and Southern Truck Lines, Inc., was doing business in the State of Indiana at the time the complaint was filed.

This defendant contends that the Indiana statute providing for the service of process on a designated agent of a foreign corporation does not authorize such service of process in order for a non-resident plaintiff to institute suit against a foreign corporation authorized to do business in the State of Indiana when the cause of action has accrued outside the State of Indiana. The relevant part of the Indiana statute providing for a resident agent for service of process for foreign corporations reads as follows: "Each foreign corporation admitted to do business in this state, shall keep constantly on file in the office of the secretary of state an affidavit of its president or a vice-president and its secretary or an assistant secretary, setting forth the location of its principal office in this state, and the name of some person who may be found at such office as its agent or representative on whom service of legal process may be had in all suits and actions that may be commenced against it."

Whether or not the Indiana statute providing for the appointment of a registered agent for foreign corporations authorizes a non-resident individual to institute suit against a foreign corporation on this state for a cause of action wholly arising in another state is a question which this court must answer by referring to the Law of Indiana. This is made clear from a reading of Perkins v. Benquet Consolidated Mining Co., 1952, 342 U.S. 437, 72 S.Ct. 413, 415, 96 L.Ed. 485, wherein the court stated that "The answer to the question of whether the state courts of Ohio are open to a proceeding *in personam*, against an amply notified foreign corporation, to enforce a cause of action not arising in Ohio and not related to the business or activities of the corporation in that State rests entirely upon the law of Ohio, unless the Due Process Clause of the Fourteenth Amendment compels a decision either way." The court went on to hold that the Due Process Clause did not prohibit Ohio from subjecting a foreign corporation to *in personam* jurisdiction in such a situation. This defendant has relied on the case of Morris & Co. v. Skandinavia Ins. Co., 7 Cir., 1936, 81 F.2d 346, 350. The court held in that case that under an Illinois statute which authorized the appointment of an agent to receive and accept service of process in all cases " 'as provided for by the laws of the State of Illinois' " and which provided that " 'any process issued by any court of record in this state, and served upon such attorney * * * shall be deemed a sufficient service of process upon such company' ", Laws 1925, p. 432, § 22, did not make a non-resident corporation amenable to service of process upon an agent so appointed in a suit by another non-resident corporation for a cause of action arising outside of Illinois. In the final paragraph of the opinion, the Court stated, "From the disclosures of the record we are convinced that the alleged

cause of action did not arise in Illinois; that appellee never consented to the suit being filed in Illinois; that it was not doing business in that state when the suit was filed; that it was not found nor was it within that state at the time of the attempted service; and hence it was not amenable to such service." It is important to note that the court relied, to some extent, in making its decision, on the fact that the foreign corporation was not doing business in the state where the plaintiff instituted its action. The defendant also relies on an opinion of the United States Supreme Court, Mitchell Furniture Co. v. Seldon Breck Co., 1921, 257 U.S. 213, 42 S.Ct. 84, 85, 66 L.Ed. 201. In that case, the defendant, a foreign corporation, had appointed a certain individual as one upon whom process against it could be served within the State of Ohio. The court stated, "Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere, at least if begun, as this was, when the long previous appointment of the agent is the only ground for imputing to the defendant an even technical presence." Presence of a corporation within a state is predicated on the corporation's doing business within the state, International Shoe Co. v. Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

The question of whether or not service of process may be sustained in a situation such as the one now before this court is not necessarily determined by the fact that the foreign corporation is doing business within the state where service is made. As stated in the cases referred to previously, the validity of such service in the final instance depends upon the particular statute and the construction of that statute by the highest state courts. There are no decisions by the Indiana Supreme Court which shed any light on the particular question before this court. There is, however, an opinion of the Appellate Court of Indiana which indicates what disposition might be made of this question were it presented in the Indiana State Courts.

In the case of Dodgem Corporation v. D. D. Murphy Shows, Inc., 1932, 96 Ind.App. 325, 183 N.E. 699, 701, the plaintiff, a foreign corporation, commenced suit against the defendant D. D. Murphy Shows, Inc., also a foreign corporation, in the Delaware Superior Court of Indiana to recover for a sum owed it for certain promissory notes executed and delivered by the defendant to it in St. Louis, Missouri. Summons was served on the General Manager of the defendant and at the time complaint was filed the plaintiff filed an affidavit in attachment against the D. D. Murphy Shows, Inc. The Appellate Court of Indiana said, "The question submitted to the court for consideration may be stated as follows: Can one foreign corporation which has not complied with the statutes permitting it to do business within this state sue another foreign corporation within this state, when it has not complied with the statutes permitting it to do business in this state, upon promissory notes executed in one foreign state, to be paid in another foreign state."

The court quoted from the case, Reeves v. Southern Ry. Co., 121 Ga. 561, 49 S.E. 674, 70 L.R.A. 513, " 'The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found in the sense that service may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction, and that the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served.' " The court went on to quote from Globe Acc. Ins. Co. v. Reid, 1897, 19 Ind.App. 203, 47 N.E. 947, 49 N.E. 291. " 'A corporation organized under the laws of one state, and doing business in another state, becomes liable to be sued and served in the latter state, not merely where the action relates

to business done therein, but also in transitory actions arising in another state.' "

In determining what interpretation the Indiana State Courts would place on the statute providing for the designation of a resident agent in a factual situation such as is now before this court, the policy as enunciated by the Dodgem case seems revealing. The fact that the agent served in the Dodgem case was not one appointed under the statute would not seem a material difference in determining the policy of the Indiana court on this question.

For these reasons the motion of the defendant, Central and Southern Truck Lines, Inc., to dismiss the complaint as to it for lack of jurisdiction over it is denied. The Clerk is directed to enter an order to that effect

Enter.