70 N.J. Super. 26 (1961)
174 A.2d 650
HAROLD S. OKIN, TRUSTEE, PLAINTIFF,
v.
A.D. GOSMAN, INC., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 27, 1961.
*27 Mr. Lawrence Bilder argued the cause for the plaintiff (Messrs. Bilder, Bilder & Freeman, attorneys).
Mr. Louis Ogust attorney for the defendant.
LABRECQUE, J.S.C.
The above matter comes before me on the defendant's motion for summary judgment of dismissal.
Plaintiff Harold S. Okin sues as trustee in bankruptcy of Phil Stillpass Sales Corporation, a body corporate of the State of New York, for damages arising out of the improper performance of a contract for processing certain materials belonging to the bankrupt.
Prior to the filing of the petition in bankruptcy on July 20, 1959, the bankrupt had been in the business of jobbing, converting and selling plastics and plastic products. It was not, however, authorized to do business in the State of New Jersey. Briefly, plaintiff contends that certain raw material was delivered by it to the defendants for processing and that the work was performed improperly, with the result that its material was damaged and it sustained a loss of profits on the work.
The defendant set up the separate defense that the bankrupt corporation, not having been authorized to transact business in the State of New Jersey, was precluded from bringing a suit on any contract made in the State, and that by reason thereof the trustee in bankruptcy suffers from a like disability.
*28 R.S. 14:15-3 provides that every foreign corporation with certain exceptions, shall file in the office of the Secretary of State a copy of its charter and a statement prescribed by the statute, and that upon such filing the Secretary of State shall issue a certificate authorizing such corporation to transact business in this State.
R.S. 14:15-4 provides that:
"Until such corporation so transacting [the] business in this state shall have obtained such certificate of the secretary of state, it shall not maintain any action in this state upon any contract made by it in this state."
It is conceded that the contract was made in this State.
Upon this state of facts the rule is well settled that the plaintiff corporation itself could not have maintained an action against the defendants for the cause of action here stated. Neither the bankrupt nor the trustee obtained authority to do business subsequent to the contract in question and prior to the bringing of this action, so it becomes unnecessary to determine whether such action would have permitted the bringing of the present suit, in view of R.S. 14:15-5 and the provisions of section 218 of the General Corporation Law of New York. The question to be determined is whether the plaintiff Okin, as trustee in bankruptcy, is barred from access to the New Jersey court by reason of the statute in question.
It is to be noted that the statute is punitive in nature. It does not invalidate the contracts of nonconforming corporations, but merely bars them from access to our courts in respect to contracts made without complying with the licensing requirements. The legislative interdiction in the statute is not against the legitimacy of the contract made by the foreign corporation, but is against the maintenance of an action upon the contract by the corporation. The contract itself remains valid.
The diligence of counsel has failed to disclose any case in point in this State. Even in other jurisdictions the *29 decisions appear to be sparse. In Underhill v. Rutland Railroad Company, 90 Vt. 462, 98 A. 1017 (Sup. Ct. 1916), the receiver of a bankrupt foreign corporation instituted a suit against the defendant. The corporation had not complied with the state's statute providing for authority to do business and payment of an annual tax. The state statute provided that in default of compliance with these requisites, no action could be maintained by the corporation upon any contract made by the corporation in the state, or by any assignee of the corporation, or by any person claiming under such assignee or corporation.
The defendant contended that the receiver occupied the status of an assignee of the corporation, or at least of the person claiming under it. In disposing of this contention, the court said:
"We think the receiver is not an assignee of the corporation, nor a person claiming under it, in the ordinary sense of the terms, or within the meaning of the statute, and so not within the prohibition. The receiver derives his authority and possessory rights in the property from the court appointing him, and not from any act of the corporation. * * * His possession of the property is the possession of the court by him as its officer. * * * The ordinary chancery receiver is not an assignee, but a ministerial officer appointed by the court to take possession of and preserve the fund or property in litigation * * *."
On the contrary, in Lowenmeyer v. National Lumber Company, 71 Ind. App. 458, 125 N.E. 67 (App. Ct. 1919), the court arrived at an opposite conclusion. In that case the statute prohibited any suit upon any claim in any court in the state where the corporation had failed to comply with the requirement of obtaining authority to transact business in the state. In that case the court held:
"Section 4094 is a part of said act, and it expressly provides as follows:
`If after this act shall take effect any foreign corporation shall fail to comply herewith, no suit may be maintained either at law or in equity upon any claim, legal or equitable, whether arising out of contract or tort, in any court in this state.'
*30 This inhibition would evidently be as effective against a claim arising out of an isolated or preliminary transaction as it would be against one arising out of the usual business conducted by such corporation."
It further held:
"It is well settled in this state that, where a foreign corporation has failed to comply with the statute giving it a right to transact business in the state, and becomes insolvent, a receiver or trustee, appointed to administer its affairs, cannot maintain an action brought in this state on a claim arising therein * * *."
In that case the action was brought by the assignee of a trustee in bankruptcy of a foreign corporation. It is to be noted that the rule in Indiana as to isolated transactions referred to therein is contrary to that of our own State.
Our courts have generally held that the provisions of this section, namely the sections of our own corporation acts here under discussion, are not to be extended beyond their plain terms and natural meaning.
I have examined the case of Cunningham v. Brockway Fast Motor Freight, Inc., 18 N.J. Misc. 101 (Sup. Ct. 1940), cited by the defendant, and I do not find that it affords any support for the defendant's present contention. It involved an action brought by the receiver for the benefit of creditors of a New York insurance company not licensed to do business in New Jersey to recover assessments against policyholders on policies solicited here. While the court refused permission to the receiver to maintain his action in this State, it did so only because of the fact that the statute in question made it a criminal offense for a corporation to carry on insurance business in New Jersey without complying with the statutory requisites. By virtue of this fact, the court concluded that since the solicitation of the policies in question "was a violation of our criminal law, this court should refuse the enforcement of the contract against the defendants."
*31 The reasoning of the Vermont Supreme Court in Underhill v. Rutland Railroad Company is applicable here. It is true that the trustee succeeds to the bankrupt's title and stands in his shoes, and to that extent may be termed an assignee or successor, but he is not limited to this status. He is a representative of the court appointing him and acts for the benefit of the creditors of the bankrupt. As was stated by one of our courts, he not only stands in the shoes of the bankrupt but he also stands in the "overshoes of the creditors."
The bankruptcy law is replete with cases in which the trustee in bankruptcy has recovered where the bankrupt might not do so. Typical of such cases are those in which the trustee is able to avoid transactions made in fraud of creditors, though the bankrupt itself would not have been able to avoid such a transfer.
The purpose of the statute in question was to force foreign corporations doing business in this State to comply with its requirements. Its purpose has been served when the corporation is out of business and no longer possesses the ability to sue anyone. Our statutory prohibition applies to such corporations and their assignees. Section 218 of the General Corporation Law of New York refers to such corporations and their successors. Neither applies to a trustee in bankruptcy. Counsel may submit an appropriate order denying the motion, consented to as to form.